OF

## THE STATE OF IOWA .

AT

## DES MOINES, OCTOBER TERM, A. D. 1901.

AND IN THE FIFTY-FIFTH YEAR OF THE STATE.

---

STATE OF IOWA, Appellee v. ANTON MILLER, Appellant.

Violation of Mulct Law: INSTRUCTIONS. In a prosecution for the illegal sale of intoxicating liquors, where defendant justified under the mulct law, which the state contended had been violated, the refusal of an instruction that proof of the mere sale of liquor is not sufficient to justify a conviction, and failure to define what would be a sale contrary to law, was reversible error.

SAME. Where defendant had not paid his mulct tax for the quarter commencing October 1st, but testified that he had made no sales after then, and the state's evidence as to the time of the sales was indefinite, an instruction should have been given relating to the payment of the tax and to defendant's rights had he made no sales after October 1st.

EVIDENCE: *Rebate of Tax.* Where it was proved that defendant had not paid his mulct tax for the quarter commencing October

(396)

1st, evidence that on October 19th he disposed of his interest in the property was properly rejected, since Code, sections 2436, 2448, makes a liquor seller liable for the entire tax for the quarter, if any sales are made during that time, notwithstanding a sale or discontinuance of the business before the expiration of the quarter.

*Appeal from Linn District Court.*—Hon. William G. Thompson, Judge.

Tuesday, October 1, 1901.

Indictment for keeping a liquor nuisance. From a verdict and judgment of guilty, defendant appeals.—*Reversed.*

*Heins & Heins,* for appellant.

*Charles W. Mullan,* Attorney-General, and *Charles A. Van Vlack,* Assistant Attorney-General, for the State.

Deemer, J.—The indictment is in the usual form, charging defendant with keeping a building, commonly called a "saloon," in Linn county, Iowa, wherein on the fourth day of September, 1899, and on divers other days and times between that day and the time of finding the indictment, he kept with intent to sell, contrary to law, intoxicating liquors. It is conceded that defendant kept a hotel in the city of Cedar Rapids, wherein he kept and sold intoxicating liquors, and it was proved that the mulct law was in force in that city and county, and that defendant had complied with the provisions thereof, and was authorized to sell without incurring the penalties imposed by the prohibitory liquor laws. The state claimed a conviction because the defendant sold liquor on Sunday and on legal holidays, and otherwise violated the provisions and conditions of the mulct law. Evidence was adduced in support of these claims, and the trial court gave the following among other instructions: "(7) Before you will be war-

ranted in finding defendant guilty of the crime charged in the indictment, the state must satisfy you beyond any reasonable doubt—First, that the defendant at the time alleged and charged kept the building as a saloon; second, that he kept therein for sale intoxicating liquors, and did sell the same within three years prior to the finding of the indictment, contrary to law, as charged; third, that the same was sold by him or his employe, as charged in said indictment, —and if you have, after considering all the evidence in the case, any reasonable doubt of either of these, you should find the defendant not guilty." In no place did the court define what would be a sale contrary to law, but in another instruction it charged that the proof should conform substantially to the allegations of the indictment. Defendant asked an instruction to the effect that the proof of sale of intoxicating liquors would not be sufficient to find the defendant guilty. In view of the fact that the mulct law was in force in the city where the defendant kept the place mentioned in the indictment, it is manifest that the jury was not properly instructed regarding the offense charged. Generally speaking sales of liquor are unlawful in this state, but where the mulct law is in full force, and one has complied with its conditions, proof of the mere sale of liquor is not sufficient to justify a conviction. The law on the subject should have been fully explained to the jury. They were likely to infer that any sale of liquor was unlawful, and defendant's rights in the premises should have been fully explained. The instruction asked by defendant should have been given, with an explanation of what constituted an unlawful sale.

The state proved that defendant had not paid his mulct tax for the quarter commencing October 1, 1900. To meet this, defendant testified that he had made no sales after October 1st. The evidence for the state as to the time when sales were made was somewhat indefinite. In view of this evidence, the court should have given an instruction relating to the matter of the payment of the

tax, and of defendant's rights had he made no sales after October 1st.

Defendant offered to show that on the nineteenth day of October he disposed of all his interest in the property; but his offer was rejected. There was no error in this. If he made any sales after October 1st, and while keeping the place, he would be liable for the entire tax, no matter what he subsequently did with the property. Code, section 2436, 2448.

Other matters are complained of, but, as they are not likely to arise on a retrial, we do not consider them. For the errors pointed out the judgment is REVERSED.