GEORGE C.. SMITH v. JUERGEN SKOW AND CLINTON COUNTY, Appellant.

**Mulct Law: PRIORITY OF LIENS.** The "tax" exacted by the "Mulct Law" is not a tax in the usual sense of the word, but is a charge, or license, and while that law makes this "tax" a lien on all property used in carrying on the liquor business, this lien—whatever the rule may be as to taxes proper, i. e., general taxes—is junior to a mortgage on such property, existing at the time the "tax" is assessed.

*Appeal from Clinton District Court.*—HON. A. J. HOUSE, Judge.

FRIDAY, APRIL 10, 1896.

ACTION on a note and for the foreclosure of a mortgage securing it. Decree for plaintiff, and the defendant Clinton county appeals.—*Affirmed.*

*A. T. Wheeler* and *F. F. Halleran* for appellant.

*Calvin H. George* for appellee.

*Crooks & Snell* and *A. P. Barker,* having a case involving a like question, appear by consent, and file an argument for appellee.

KINNE, J.—I. In October, 1892, the defendant, Skow, and wife, for the purpose of securing the payment of two thousand dollars, in accordance with the terms of a certain promissory note, executed and delivered to plaintiff, a mortgage upon certain real

estate, situated in the city of Clinton, Iowa. The mortgage as recorded on October 3, 1892, is due, and unpaid. In the fall of 1893, and the winter of 1893 and 1894, and ever since that time, the building situated upon said real estate has been used and occupied by the defendant, Jones, the grantee of Skow, for saloon purposes, and he has maintained and kept a saloon therein during all of said time. The defendant, Clinton county, claims a lien upon said premises in the sum of four hundred and forty-three dollars and forty-three cents, in the nature of a tax, under chapter 62, Acts Twenty-fifth General Assembly, known as the "Mulct Law." The only question involved in this appeal is as to whether the lien of the county is superior to that of the plaintiff, by virtue of his mortgage. The district court adjudged that the lien of the county was inferior to that of plaintiff's mortgage, and the county appeals.

II. The sole question is as to priorty of liens. In *Bibbins v. Clark*, 90 Iowa, 230 (57 N. W. Rep. 884, 59 N. W. Rep. 290), this court held that, where taxes on personal property became a lien upon real estate after the lien of a mortgage had attached thereto, such tax lien was junior and inferior to the mortgage lien. Two members of the court dissented from that holding, and adhered to the contrary rule, as stated in the opinion in *Trust Co. v. Young*, 81 Iowa, 732 (39 N. W. Rep. 116 and 46 N. W. Rep. 1103). The act providing for the assessment of the tax in controversy and creating a lien therefor, reads: "All such taxes shall be a perpetual lien upon all property, both personal and real, used or connected with the business." Chapter 62, section 1, Acts Twenty-fifth General Assembly. As the several members of this court adhere to their former opinions touching the lien of personal taxes on real estate with reference to mortgages which exist upon real estate, when such personal

tax becomes a lien thereon, it is desirable to rest the determination of the question presented in this case upon another ground, upon which we all agree, and that is, that this sum which it is provided shall be a lien upon property, both personal and real, is not in fact a tax, as we usually use that word. It matters not that the legislature, in the statute, speaks of this license or charge as a tax. That does not make it a tax. It is in reality a charge or license exacted for the privilege of carrying on the business of vending liquors, which charge is made by statute a lien upon all property, both personal and real, used or connected with the business. The doctrine adhered to by a minority of the court in *Bibbin's Case*, extends the priority of the lien of personal taxes on real estate over existing mortgages, as to taxes proper,—that is, general taxes. As we have said, this is not a tax, and certainly not a general tax. Not being in the nature of a general tax, and the statute not undertaking to make this charge or license a lien upon real property superior to existing liens, we discover no reason for holding it to be prior to the lien of plaintiff's mortgage. It is such a charge as attaches to, and becomes a lien on the real estate when it is assessed, and does not take priority over the lien of a mortgage then existing upon real estate.—AFFIRMED.