MARSHALL COUNTY, Appellant, v. JOHN KNOLL, et al

**Mulct Law:** RECOVERY ON BOND. The sureties on a bond given by a liquor dealer under Acts Twenty-fifth General Assembly, chapter 62, section 17, conditioned on the faithful observance by the principal of all the provisions of such act, are liable for the tax imposed by section 11, where the principal fails to pay the same.

**Tax:** *Personal liability.* The tax imposed by the mulct law (Laws 1894, chapter 62, section 11) on liquor dealers, which it provides "shall be assessed against every person, partnership or corporation" engaged in the business, creates a personal liability on the part of the debtor, which may be enforced by an ordinary action, notwithstanding the lien also given therefore on the real estate wherein the liquors are sold, and on all personal property used in connection with the business.

**SAME.** Whether an ordinary tax may be collected by an ordinary action, is left undecided,—*City v. Railway Co.*, 39 Iowa, 60, and *City v. Railway Co.*, 41 Iowa, 139, *analyzed.*

**Demurrer:** OBJECTION BELOW. An objection, that the petition in an action on a bond to recover the amount of a tax levied on account of the sale of intoxicating liquors does not show that the tax cannot be collected from the personal property used in the business, or that the liquor dealer giving the bonds is insolvent, should be presented by demurrer. (See chapter 96, Twenty-fifth General Assembly.)

**Appeal:** NOTICE ON DEFENDANT: *Mulct law bond.* Under Code, 2550, providing that where two or more persons are bound by contract, including the parties to negotiable paper and sureties on the same or separate instruments, the action may, at plaintiff's option be brought against any or all of them, and section 2551, providing that the court may determine any controversy between the parties before it, where it can be done without prejudice to the rights of others, an appeal by plaintiff in an action on a liquor bond will not be dismissed because notice of appeal was not served

on the principal in the bond although he was named as defendant, where he was not an actual party to the proceedings in the trial court.

*Appeal from Marshall District Court.* — Hon. B. P. BIRDSALL, Judge.

MONDAY, FEBRUARY 1, 1897.

ACTION at law on a bond to recover the amount of a tax levied on account of the sale of intoxicating liquors. Demurrers to the petition were sustained, and, the plaintiff refusing to plead further, judgment was rendered in favor of the defendants for costs. The plaintiff appeals.—*Reversed.*

*T. Brown* for appellant.

*Anthony C. Daly* and *Theo. F. Bradford* for appellee Knoll.

*J. L. Carney* for appellee Parsons.

ROBINSON, J.—The petition filed by the plaintiff names N. J. Akers, John F. Knoll, and O. J. Parsons as defendants, and states that they executed to the state of Iowa, and to Marshall county, of the state of Iowa, their penal bond, in the sum of three thousand dollars; that it was given under the provisions of chapter 62 of the Acts of the Twenty-fifth General Assembly, entitled "An act to tax the traffic in intoxicating liquors and to regulate and control the same;" that by virtue of that act the defendant Akers obtained a license and opened a saloon in a building situate on a lot in Marshalltown, which is described; that in June, 1894, the proper assessors assessed Akers for taxation, and returned the assessment to the county auditor; that on the second day of July, 1894, the board of supervisors of Marshall county

duly levied a tax of three hundred dollars for the time commencing on the twenty-eighth day of May and ending the first day of October, 1894, which stands against Akers, and which all the defendants are owing, under the bond, together with twenty per cent. penalty and interest, and accruing penalties and costs. The petition further alleges that the tax cannot be enforced on the real estate in which the saloon was kept by Akers, for the reason that it was mortgaged for its full value before the act referred to was passed, and the mortgagee had no knowledge that sales of liquor were made on the mortgaged premises, and that the defendants have failed to comply with the conditions of the bond in failing to pay the tax specified. Judgment for the sum of five hundred dollars is demanded. Knoll and Parsons filed separate demurrers to the petition.

I.  Akers was not served with notice of the action, and did not appear in it, nor was the notice of appeal served upon him. Knoll and Parsons have filed a motion to dismiss the appeal on the ground that this court has no jurisdiction of the cause, for the reason that notice of appeal was not served upon Akers. He was primarily liable on the bond, and his liability was not affected nor his rights prejudiced by the proceedings against his sureties. Section 2550 of the Code provides that, "where two or more persons are bound by contract, * * * whether jointly or severally, or severally only, and including the parties to negotiable paper, common orders, or checks, and sureties on the same, or separate instruments, or by any liability growing out of the same, the action thereon may, at the plaintiff's option, be brought against any or all of them." The next section provides that "the court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their

rights." Under these provisions an action may be brought against a surety alone, and, when he is joined with his principal, judgment may be rendered against him before it is against his principal. *Okey v. Sigler*, 82 Iowa, 98. The fact that Akers was the principal on the bond in suit, and that he was named as a defendant, did not make him one in fact, nor prevent the prosecution of the case against the sureties who were named as co-defendants. Since Akers was not an actual nor a necessary party to the proceedings in the district court, it was not necessary to serve notice of appeal upon him in order to give this court jurisdiction of the case. It was held in *Fisher v. Chaffee*, 96 Iowa, 15, that one of two sureties against whom a judgment had been rendered could not appeal from the judgment without serving his co-surety with the notice of appeal; but the reason for the holding was that the judgment appealed from could not be reversed or modified without affecting the rights of the co-surety. In that connection it was said of the principal, against whom judgment was also rendered, that he would not be affected by the result of the appeal because he was primarily liable in any event. We conclude that an appeal has been duly taken in this case, and the motion to dismiss is overruled.

II. The condition of the bond in suit is that, "if said N. J. Akers shall faithfully observe all the provisions of the Act of the Twenty-fifth General Assembly of Iowa, entitled 'An act to tax the traffic in intoxicating liquors and to regulate and control the same,' and shall pay any and all damages that shall result from the sale of intoxicating liquors upon the premises occupied by said N. J. Akers, then this bond to be void; otherwise to be and remain in full force and effect." This complied substantially with the second sub-division of section 17 of

the act referred to, which required the bond to be "conditioned upon the faithful observance of all the provisions of this act, and for the payment of any and all damages that may result from the sale of intoxicating liquors upon the premises occupied by the obligor." It is contended by the appellees that the bond required by the statute is not designed to secure the payment of the tax, and that its collection should be enforced, if necessary, by a sale of the real and personal property used by Akers in the business in which the bond was given. It is the general rule that a tax is not a debt, within the common meaning of that term so that the ordinary remedies for the collection of debts may be applied to it, and that, where a special remedy for the collection of a tax is provided by statute, and no other is given or can be regarded as permitted by it, the special remedy is exclusive. Cooley, Tax'n, 15, 435; 25 Am. & Eng. Enc. Law, 312. But that rule does not apply in this state, where the property owner is personally liable for the tax. In *Shaw v. Orr*, 30 Iowa, 360, it was said that the vendor of real property transferred before the tax became a lien thereon, as between himself and the vendee, was not released from liability for the payment of the tax. In *City of Dubuque v. Illinois Cent. R'y Co.*, 39 Iowa, 60, it was held that a tax assessed against a property owner on account of real estate "created a debt, in the sense of the term when applied to a liability for the payment of money," and that payment of such a tax might be enforced by an ordinary action. It is true the last point was not directly involved in the case, but it was carefully considered and decided, because it was involved in other cases, and had been elaborately discussed in argument by counsel concerned in those cases. See, also, 2 Dillon, on Mun. Corp., section 653. Section 1 of the act under consideration provides that "there shall be

assessed against every person, partnership, or corpora-
tion, other than registered pharmacists holding
permits, engaged in selling or keeping with intent to
sell, any intoxicating liquors, and upon any real prop-
erty and the owner thereof within or wherein intoxi-
cating liquors are sold, or kept with intent to sell in
this state, a tax of six hundred dollars per annum.
All such taxes shall be a perpetual lien upon all prop-
erty, both personal and real, used in or connected with
the business." Section 9 directs the board of super-
visors, at their regular meeting in September, to levy
the tax "against each person carrying on or conduct-
ing a place for the sale of intoxicating liquors and
also against the real property and the owner thereof
in which or upon which said place is located."
Section 11 provides for semi-annual payments, and for
a penalty of twenty per cent. on installments not
paid, and also one per cent. per month until paid.
The assessment is to be against the person engaged in
the contemplated business, as well as upon the real
property used to carry it on. Section 12 provides for
the sale of real property on which the taxes assessed
have become a lien, and section 13 is as follows: "All
the provisions of law now or hereafter in force for the
assessment, levy and collection of taxes shall apply to
and govern the taxes provided for by this act, except
as herein otherwise provided." The act makes the
person engaged in the business to which it refers per-
sonally liable for the payment of the tax, and, in
addition, provides for a lien upon and sale of the prop-
erty used in the business for the same purpose. In
*Smith v. Skow*, 97 Iowa, 640, it was said that what
the statute calls a "tax" is not in fact a tax, within
the ordinary meaning of that word, but "in reality a
charge or license exacted for the privilege of carry-
ing on the business. *  *  * " We conclude that
the tax is a charge or debt, which may be recovered

in an ordinary action. The theory of the demurrers was that the sureties on such a bond as that in suit are not liable for the payment of the tax, and, in addition, the demurrer of Parsons denies the liability of the sureties until the real property subject to the tax is exhausted. The petition shows that the real property is subject to a mortgage for its full value, which is superior to the tax, and that nothing can be collected from that property. *Smith v. Skow, supra.* It is objected that the petition does not show that the tax cannot be collected from the personal property used in the business, nor that Akers is insolvent. It is sufficient to say, in response to that objection, that it was not presented by either demurrer.

III. The only question remaining for our determination is, does the bond in suit secure the payment of the tax and penalties in controversy? It may be conceded that the "damages" referred to in the statute and in the bond, do not include the tax, but merely injuries which result from the sale of intoxicating liquors upon the premises which were occupied by Akers, for the purposes of his business; but we are of the opinion that the condition of the bond that Akers "shall faithfully observe all the provisions of" the act under consideration, made the sureties on the bond liable for his failure to pay the tax. Section 11 of the act provides, that "it shall be the duty of every person against whom or against whose property taxes as provided in this act have been assessed, to attend at the treasurer's office and pay the same in semi-annual installments, on or before the first day of April and October of each year." That Akers did not do. It is insisted that the requirement of the bond that Akers "faithfully observe all the provisions of the acts" did not require him to pay the tax, but we do not think the claim is well founded. That condition of the bond

was inserted by authority of the statute, which requires that the bond be "conditioned upon the faithful· observance" of all the provisions of the act. Among the definitions of the word "observe" are the following: "To take notice of by appropriate conduct; to conform one's action or practice to; to keep; to heed; to obey; to comply with." The word was used in the statute to require the person who engaged in the business contemplated by it, to obey it, and comply with all its provisions, including the payment of the tax. It follows, from what we have said, that the district court erred in sustaining each of the demurrers, and its judgment is REVERSED.

### SUPPLEMENTAL OPINION ON RE-HEARING.

### SATURDAY, MAY 29, 1897.

PER CURIAM.—In the original opinion in this case we assumed that it was held in *City of Dubuque v. Illinois Cent. R. Co.*, 39 Iowa, 60, that the payment of a property tax might be enforced by an ordinary action. A further examination of that case shows that, although the opinion of the majority purports to hold as stated, the dissenting opinions indicate that the holding was in fact merely the opinion of two of the four judges, who then constituted this court, and is not, therefore of any force as a precedent. In *City of Burlington v. Burlington & M. R. Co.*, 41 Iowa, 139, the right to enforce the payment of an ordinary tax by an action at law was again referred to, but not decided; and our attention has not been called to any other case decided by this court in which the matter has been considered. We do not find it necessary to decide what rule is applicable in this state to such cases, and prefer to postpone a decision of the question until it is more fully presented in

argument. The provisions of the statute under which the bond in suit was given are sufficient to authorize a recovery thereon for the tax in controversy, notwithstanding the fact that other means for its collection are also provided. We are not to be regarded as holding that an ordinary property tax may be recovered by an action at law, and, so far as our original opinion in this case could have been construed as authority for that rule, it is modified, and the question in regard to the right to maintain such an action is left UNDE-TERMINED.