PETER SMITHBERG *et al.* v. M. L. ARCHER *et al.*, and S. J. GUERDET, Appellant.

**Sale for Mulct Tax:** ESSENTIAL PREREQUISITES. A sale for a mulct tax is void, where the supervisors failed to levy the tax, as required by Acts Twentieth General Assembly, chapter 62, section 9, in view of section 10, making the auditor's certificate of such levy the treasurer's authority for collecting the tax.

*Appeal from Emmet District Court.*—HON. W. B. QUARTON, Judge.

SATURDAY, APRIL 8, 1899.

THE plaintiff's mortgage was established as a lien on the north half of lots 3 and 4 in block 58 of Estherville. Archer claimed the north third of these under a tax deed issued in 1897. Guerdet held a certificate of sale of the north half of the lots, issued December 6, 1897, for nine hundred and sixty-eight dollars and fifty-three cents mulct tax, penalties, and costs appearing on the treasurer's books at the time of the sale. Kane, who held the fee, operated a saloon on the north half of lot 4 from March, 1895, till August 20, 1897. His bond was duly filed, with Guerdet as surety, and he paid the mulct tax for 1895 and that for 1896, except fifteen dollars. The sale was for this fifteen dollars and the tax of 1897 and penalties. The assessment was made by the assessor in March, 1895, and upon its return to the auditor the latter officer advised the treasurer thereof, and orally authorized him to enter it on the mulct-tax list. This the treasurer did, and so entered it each year. No other or different assessment was made, and there was no levy by the board of supervisors. Decree was entered declaring the certificate of sale to Guerdet void, and quieting the title in Archer. Guerdet appeals. —*Affirmed.*

*B. E. Kelley* and *Geo. E. Clarke* for appellant.

*E. A. Morling* for appellee Archer.

*Soper, Allen & Penn* for appellee Smithberg.

LADD, J.—It may be conceded for the purposes of this case that, inasmuch as the property was assessable, the failure of the assessor of Estherville to return the assesment cannot be taken advantage of after the sale. The general law relating to assessment, levy, and collection of taxes is made applicable to the mulct tax by section 13 of chapter 62 of the Acts of the Twenty-fifth General Asssembly, and it would seem that under section 1398 of the Code the treasurer may assess, in event of an omission by the assessor to do so, and that under the following section no question concerning mere irregularity, without more, may be raised after the sale. *Lathrop v. Irwin,* 96 Iowa, 713. But section 9 of this act expressly provides that the board of supervisors shall levy the mulct tax (*Hubbell v. Polk County,* 106 Iowa, 618), and section 10 that, when this is done, "the county auditor shall, upon the levy made as aforesaid, certify the same forthwith to the county treasurer with names of persons and property, and amount of tax, and a statement of the costs that have accrued either before the board of supervisors or in the district court, and said certificate and list shall be full authority for the treasurer to enter the same upon the tax books of the county and proceed to collect the same." No levy of such a tax by the board of supervisors is directed by Code, section 2436, *et seq.* But under the act referred to it was made obligatory on the board, and only when so made might the auditor certify the lists to the treasurer. This alone was the treasurer's authority for collecting the tax. The act then required, rather than dispensed with, the levy, and without this the sale was void. *Iowa Railroad Land Co. v. Woodbury County,* 39 Iowa, 173; *Moore v. Cooke,* 40 Iowa, 290; *Scott v. Union*

*County*, 63 Iowa, 584; *Ellis v. Peck*, 45 Iowa, 114; *Early v. Whitingham*, 43 Iowa, 162; *McCready v. Sexton*, 29 Iowa, 356; *Hintrager v. Kiene*, 62 Iowa, 605.—Affirmed.