S. J. GUEDERT, Plaintiff, Appellee, v. EMMET COUNTY, Defendant, Appellant.

**Mulct Tax:** PRIMARILY A PERSONAL OBLIGATION: *Lien aids collection.* Under Code, sections 2432, 2448, requiring persons selling intoxicating liquors to pay an annual tax which shall be a lien on the property where the business is carried on, and to give bond for the faithful observance of all the provisions of

the statute, the tax is not primarily a charge on the property, but is a personal obligation resting on the proprietor of the business, the lien operating merely as an aid to its collection.

PAYMENT OF TAX BY SURETY ON MULCT BOND: *Recovery of payment because tax proves invalid.* Code, sections 2432, 2448, requires persons selling intoxicating liquors to pay an annual tax, which shall be a lien on the property where the business is carried on, and to give bond for the faithful observance of all the provisions of the statute. A liquor dealer became delinquent in the payment of his annual tax, and his surety had the property sold to satisfy the lien, becoming the purchaser, and, the lien being subsequently adjudged unenforcible, he sued the county to recover the payment under Code, section 1446, providing that the county shall reimburse purchasers at tax sales which are void by reason of mistake or wrongful act of the treasurer in selling land on which no tax is due. *Held,* that the surety's obligation to pay the tax being a personal obligation, and not dependent on the enforcibility of the lien, the fact that the tax proved invalid as a lien on the property did not entitle him to a return of the money paid.

*Same.* In such case, if the tax was imperfectly assessed, it was not the treasurer's duty to sell the property, and, having sold it at the surety's request the latter cannot urge the treasurer's supposed duty in the premises as a reason for his recovery.

*Same.* Where a surety on a liquor dealer's bond pending a suit against him for delinquent tax, which is made a lien on the premises where the liquor is sold, causes the property to be sold to satisfy the lien, and purchases it, he voluntarily satisfies the demand of the county against him, which he might have contested in the pending action; and, on its being subsequently determined that the tax was unenforcible as a lien on the property, he cannot recover against the county under Code, section 1446, providing that when by wrongful act of the treasurer land is sold on which no tax is due the county shall hold the purchaser harmless.

*Adjudication against county.* Pending foreclosure of a mortgage on property on which intoxicating liquors were sold, a surety on the liquor dealer's bond procured a sale of the property to satisfy the delinquent annual tax due by such dealer for which he was liable, and purchased the property. After the purchase, by a cross bill in the foreclosure suit, such surety claimed a superior lien on the property, resulting in an adjudication that the lien was invalid, and the tax sale void. The county was not made a party to the cross bill nor served with notice, though knowledge thereof was brought to the county attorney's

7    attention. The surety subsequently sued the county to recover
     the purchase price. *Held*, that the adjudication of such fore-
     closure suit was not conclusive of the county's liability in the
     subsequent action.

*Appeal from Emmet District Court.*—Hon. W. P. Quar-
ton, Judge.

Tuesday, February 11, 1902.

Action to recover an amount of money paid by plain-
tiff upon purchase of a parcel of real estate sold by the
county treasurer for non-payment of a "mulct tax," which
sale has since been adjudged void. By agreement of the
parties the cause was tried as one of equitable jurisdiction.
There was a decree for plaintiff, and defendant appeals.—
*Reversed.*

*Crim & Penn* for appellant.

*George E. Clarke* and *B. E. Kelly* for appellee.

Weaver, J.—In 1895 one W. T. Kane held the title to
a lot in Estherville, upon which he established a saloon for
the sale of intoxicating liquors, and maintained the same
until September, 1897. At the outset of said business the
assessor of the city listed the property for the pay-
ment of the mulct tax, and returned the list to the
county auditor. The board of supervisors made no
formal levy of the tax, but the auditor verbally reported the
assessment to the county treasurer, who entered the same
on the books of his office. It was thus continued from year
to year upon the treasurer's books, but at no time did the
board make a formal levy, and at no time did the auditor
furnish the treasurer any written certificate of levy. Kane
recognized the sufficiency of such levy or assessment, at
least to the extent of appearing at the treasurer's office from
time to time, and paying the tax at the legal rate of $600
per year, until the year 1897, when it became delinquent.

About the time of opening his saloon he executed a bond to the county, as required by law, with appellee as his surety, conditioned for his faithful observance of the provisions of the mulct statute. October 8, 1897, one Smithberg, holding a mortgage upon the lot in question, instituted foreclosure proceedings, and later, during the same month, the county brought suit against Kane and the plaintiff upon the bond we have above referred to for recovery of the delinquent tax. While these two actions were still pending, the appellee applied to the county auditor and treasurer to learn why collection of the tax for which he had been sued was not enforced by sale of the property, and was told that difficulty had been experienced in finding bidders on such sales. He thereupon asked the treasurer to proceed and sell, saying he would himself bid, or words to that effect, and that he desired such sale to be made in order to protect himself as Kane's surety. Acting upon such request, the treasurer offered the property for sale, and it was struck off to the appellee, who paid therefor the full amount of the tax, and received the usual certificate of purchase. He then appeared to the Smithberg foreclosure proceeding, and in a cross bill set up his lien as the holder of the tax certificate, asking to have it established by the court's decree. The county was not made a party to the cross bill, and was served with no notice thereof, though knowledge thereof was brought to the attention of the county attorney. Smithberg took issue on the cross bill, alleging, among other things, the invalidity of the tax sale. The district court held with Smithberg, and adjudged the tax sale void, which judgment, on appeal to this court, was affirmed. See *Smithberg v. Archer,* 108 Iowa, 215. Thereupon appellee brings this action to recover from the county the amount of money paid by him to the treasurer in making such purchase, and bases his right to such recovery upon Code, section 1446. The language of that section is as follows: "When by mistake or wrongful act of the treasurer, land has been sold on which no tax was due at the time, the

county shall hold the purchaser harmless by paying him the amount of principal, interest and costs to which he would have been entitled if the land had been rightfully sold, and the treasurer and his bondsmen shall be liable to the county therefor or the purchaser may recover the same directly of him and his bondsmen."

I. The statute provides that "every person  *  *  * carrying on the business of selling or keeping for sale intoxicating liquors  *  *  * shall pay an annual tax of six hundred ($600.00) dollars, which tax shall be a lien upon the real property wherein or whereon the business is carried on," etc. Code, section 2432. It further provides that any such dealer who proposes to avail himself of the protection which the payment of the tax affords must, among other things, give a bond with sufficient sureties for "the faithful observance of all the provisions" of the so-called "mulct enactment." Code, section 2448, sub-division 3. As will be thus seen, the mulct tax is not primarily a charge upon property, but is assessed against the person on account of the business in which he is engaged, and is made a lien upon the property simply as an aid to its collection. Being thus a personal charge or obligation, resting upon the proprietor of the business, the bond which he gives for the "faithful observance of all the provisions" of the statute binds the surety for the payment of the tax. *Marshall County v. Knoll,* 102 Iowa, 573. Coming, then, to the case at bar, Kane having permitted the tax to become delinquent, it was appellee's duty under his bond to come forward and pay it. Instead of paying it directly, he caused Kane's property to be sold to satisfy the supposed lien of the tax, and became himself the purchaser, paying therefor the full amount of the assessment. In this manner he paid and discharged the claim which his bond obligated him to pay, and the fact that by some mistake or oversight on part of the taxing officers the tax proved not to be enforceable as a lien upon Kane's property, did not change the nature or effect of his

payment, or entitle him to a return of the money paid.  In other words, his obligation to pay was not dependent upon the existence or enforceability of a lien upon Kane's property, and, whatever might be the liability of the county to a purchaser who was under no duty to pay the tax, the failure of the lien to prove of any value gives neither the debtor nor his sureties any right of action.  If Kane himself had become a purchaser of the property, no one would contend that action would lie in his favor, and, legally speaking, the appellee occupies no stronger position than his principal.  *Morris v. Sioux County,* 42 Iowa, 416.

II.   The sale of which appellee complains was made at his own request, if not demand.  He conceived it to be to his interest that the property be sold, and called upon the treasurer to sell it.  The treasurer granted his request, and it would be both unreasonable and unjust to hold the act which appellee himself induced to be, a ground of action in his favor.  The wrongful act or mistake of the treasurer which will subject the county to an action is one which, under familiar principles, the person seeking recovery had no agency in bringing about.  The fact that appellee was mistaken in the legal sufficiency of the levy, or in the belief that he was thereby in some way protecting himself as surety upon the mulct bond, will not prevent the application of the rule.  It will not do to say that it was the treasurer's duty to sell the property for the tax, and therefore he cannot be heard to claim that he acted upon appellee's request.  If, as appellee contends, the tax was so imperfectly assessed that the sale was . void (and that is the basis of his action), then it was not the treasurer's duty to sell the property, and, if he did sell at appellee's request, then no wrong was done of which the latter has any right to complain.

III.   It is also shown without dispute that prior to the purchase of the lot by appellee suit had been brought

against him by the county upon the bond above mentioned. Here was afforded him an opportunity to contest the sufficiency of the mulct assessment or levy, had he so desired, and thus have obtained judicial settlement of the question whether the defects therein were any defenses to such demand. Instead of so doing, he proceeded, during the pendency of such suit, to satisfy and discharge the very demand upon which it was based, leaving the county nothing more to ask at the hands of himself or his principal, and thereby secured the dismissal of the proceedings against him. It is immaterial that, instead of paying the amount to the clerk of the court where the case was pending, he accomplished the same end by soliciting and obtaining an opportunity to bid upon the property at treasurer's sale. It requires no citation of authorities to sustain the proposition that he who, being sued for the recovery of an alleged debt, voluntarily pays the claim before trial, cannot maintain an action to recover the money so expended by him, even though later reflection convinces him that he made a mistake in buying peace at that price.

IV. It is the theory of appellee that appellant's liability is conclusively settled by the judgment in *Smithberg v. Archer, supra.* We do not reach that conclusion. So far as Smithberg's foreclosure is concerned, his mortgage had attached to the property years before Kane opened his saloon, and was admitted a superior lien, even if the county was asserting any claim under the mulct statute. But at the date of the foreclosure, February, 1898, the appellee had, as we have seen, voluntarily paid the claim of the county, and the latter then neither had nor claimed a lien of any kind upon the property. If we turn to the cross petition filed in that proceeding by the appellee herein, we find the county was not a party to that branch of the litigation. No notice of the cross petition was served upon it, and it made no appearance in the proceedings. Mr. Crim, at that time county attorney, was a party in his own right, and observed the case in its several

stages, but made no pretense of representing the appellant. We are not prepared to affirm the doctrine that, where it has not been duly served with notice of an action, a county will be concluded by the judgment therein rendered merely because the attention of the county attorney has been called to the pendency of such action, or because he has been a silent witness to the proceedings. Nor does there seem to have been any good reason for making the county a party. Neither the appellee nor any one else was asking any relief against it, and, the appellee having satisfied the demand for a mulct tax, the county had no interest in the question of precedence or priority of liens. Such seems to have been the view which appellee then took of the relations between himself and appellant, otherwise he would without doubt have brought in the county by proper notice. But even if, for the purposes of the discussion, it is conceded that the county is to be held as a party to that action, it would not have the effect claimed for it by counsel. The decision there announced is to the effect that there was no such levy of the mulct tax, and no such certification by the auditor as to create a lien upon the lot in controversy, and that by the treasurer's sale appellee obtained no lien upon or interest in said property. It does not determine the question whether any mulct tax was in fact due from Kane, but does determine that there was no such tax lien on the property. When one bears in mind that we have already noted that the mulct tax is not primarily a tax or charge upon the saloon keeper's property, but a price or penalty set upon his business, and that the lien is a collateral feature, provided simply as an aid to collection, it becomes apparent that the adjudication in *Smithberg v. Archer,* is much less sweeping than counsel seem to suppose. So, too, the questions whether appellee's request for the sale of the property operates as an estopped upon him in this case, and whether his purchase or payment pending suit against him for collection of the tax is of that voluntary character which will not support an action for reimburse-

ment, are none of them, directly or indirectly, embraced within that judgment, nor within the reasoning upon which it is founded.

The judgment of the district court is REVERSED.