CARROLL COUNTY, Appellant, v. THERESA LEY, as Administratrix of the Estate of J. H. LEY, Deceased, R. O. CULBERTSON and MASON CITY & FORT DODGE RAILWAY COMPANY.

**Mulct tax:** LIABILITY OF OWNER OF PREMISES. An action at law to recover a mulct tax may be maintained against the person conducting the business and his sureties, but there is no personal obligation of another party owning the premises to pay such tax; the usual remedy against such owner being an action in equity to enforce a lien against the property.

*Appeal from Carroll District Court.*— HON. Z. A. CHURCH, Judge.

FRIDAY, APRIL 7, 1905.

ACTION at law, brought against the administratrix of the estate of one who was liable to pay the amount of a mulct tax, and the owners of the property upon which the business was conducted and on which it was claimed that the tax was a lien. On motion of the property owners, a verdict of the jury was directed in their favor, and judgment was entered against the administratrix only. The plaintiff appeals.— *Affirmed.*

*O. P. McDonald* and *M. W. Beach,* for appellant.

*Lee & Robb,* for appellees.

McCLAIN, J.— It is now well settled that an action to recover a mulct tax may be maintained against the person

conducting the business and the sureties on his bond.  *Gue-dert v. Emmet County,* 116 Iowa, 40; *Crawford County v. Laub,* 110 Iowa, 355; *Marshall County v. Knoll,* 102 Iowa, 573.

But the provision as to the lien of the tax is that it " shall be a lien upon the real property wherein or whereon the business is carried on, or where the place for selling or keeping, for sale is maintained "; and it is further provided that " in case the person carrying on the business or maintaining the place is a different person from the owner of the real property wherein or whereon the business is carried on or the place maintained, then the tax shall be payable by the person conducting such business or maintaining such place. But such owner may pay such tax at any time after the same becomes due and payable, for the purpose of releasing his property therefrom." Code, section 2432. From these provisions, we think it is clear that the mulct tax is not a personal obligation, as against the owner of the property, which can be enforced in an action at law. The usual method of enforcing liens on property is by an action in equity. And, as to general taxes, it has been held that, the method of enforcing the lien being provided by statute, an action at law cannot be maintained against the owner of the property to recover the amount of the tax. *Plymouth County v. Moore,* 114 Iowa, 700; *Crawford County v. Laub,* 110 Iowa, 355.

The trial court did not err, therefore, in directing a verdict for the owners of the property on which the business of selling intoxicating liquors was conducted, and in dismissing plaintiff's action as to them.— *Affirmed.*