IN THE MATTER OF THE APPEAL OF THE DES MOINES UNION RAILWAY COMPANY, Owner; PABST BREWING CO. OF MILWAUKEE, WIS., MILWAUKEE BEER CO. AND C. M. HOVDE, Occupants, from the action of C. H. MURROW, Treasurer of Polk County, Iowa, in listing and Assessing Certain Mulct Taxes.    PABST BREWING CO. OF MILWAUKEE, WIS., MILWAUKEE BEER CO. AND C. M. HOVDE, Appellants, C. H. MURROW, Appellee, DES MOINES UNION RY. CO., Appellee.

Intoxicating liquors: ASSESSMENT OF MULCT TAX.    The mulct tax is not a charge on property, but is assessed against the person because of the business in which he is engaged, and is made a lien upon property simply to aid its collection: so that the treasurer has no authority to assess the same under the provisions of Code, section 1374, governing the assessment of property omitted from taxation.

*Appeal from Polk District Court.*—HON. A. H. McVEY, Judge.

THURSDAY, MARCH 19, 1908.

THE Des Moines Union Railway was owner of lot 5, in block 18, in H. M. Hoxie's addition to Des Moines.    The Pabst Brewing Company constructed a cold-storage warehouse on the east half of the lot June 19, 1894, and since then the Milwaukee Beer Company through its agent, C. M.

Hovde, has used the same for the storage of beer manufactured by the Pabst Brewing Company. This beer was taken from cars and placed therein, to be kept until sold and distributed to retailers in the city. For the use of the ground, the brewing company paid the railroad company a nominal rental of $5 per annum. The mulct tax was collected for three months beginning October 1, 1904, but not prior thereto. At the instance of Worthington & Boynton, who had been employed by the board of supervisors of Polk county to discover property omitted from the tax lists, the county treasurer notified the parties mentioned to appear before him August 15, 1905, and make objection, if any they had, to the assessment of the mulct tax against them, and the entering of it as a lien on the realty for the last three-quarters of 1904. They filed objections, but these were overruled, and the treasurer assessed a mulct tax of $150, with interest for each quarter ending June 30, September 30 and December 31, 1904. Thereupon the several parties appealed to the district court, where, upon hearing, the assessment as against the Des Moines Union Railway Company and the real estate was set aside and canceled, and also as against the Pabst Brewing Company and the Milwaukee Beer Company, and C. M. Hovde the assessment for the quarter ending December 31, 1904, was set aside and canceled as having been paid; but for the quarters ending June 30 and September 30, 1904, the assessments were confirmed. All parties, except the Des Moines Union Railway Company appeal; that of the Pabst Brewing Company, Milwaukee Beer Company and C. M. Hovde being first perfected.—*Affirmed* in part. *Reversed* in part.

*John McLennon,* for appellants, Pabst Brewing Co., Milwaukee Beer Co., and C. M. Hovde.

*Thomas A. Cheshire,* for C. H. Murrow, treasurer of Polk county.

*C. L. Nourse,* for Des Moines Union Ry. Co.

LADD, C. J.—The cold-storage warehouse, erected by the
Pabst Brewing Company on the lot of the Des Moines Union
Railway Company, was so used by Milwaukee Beer Com-
pany through its agent, Hovde, in the storage of beer kept
by it for sale, that a mulct tax should have been assessed
for the quarters ending June 30 and September 30, 1904.
*Bell v. Hamm,* 127 Iowa, 343; *State v. Miller,* 114 Iowa,
396. This was not done, however, and no return was ever
made by the assessor, as required by section 2433 of the
Code, as amended by section 1, Acts 29th General Assembly,
or by three citizens as allowed by section 2435, as amended
by section 2 of the same act. The sole inquiry is whether
the assessment and collection of the mulct tax is within the
statute providing for assessment of and collection of taxes
on omitted property. The district court so held, and therein
erred because (1) the mulct tax is not a property tax;
and (2) the provisions in relation to the assessment for
and levy of other taxes are not applicable thereto. The
sections prescribing the procedure for the assessment and
collection of the tax proceed upon the theory that the tax is
on the business, and the lien against the property is created
as an aid to its collection. Thus section 2433, as amended,
provides that:

In the months of December, March, June, and Septem-
ber of each year, and before the twentieth day of each of said
months, the assessor of each township, town or city, or as-
sessment district thereof, shall return to the county auditor
a list of persons who are or since the last quarterly return
have been engaged in carrying on within said township, town,
city or assessment district, the business of selling or keeping
for sale intoxicating liquors, or maintaining any place where
such liquors are sold or kept for sale, and also a description
of the real property wherein or whereon such business is
carried on or such place is maintained, with the name of the
tenant or occupant and owner or agent. Any assessor wil-

fully failing to comply with the provisions of this section shall pay a fine of $50 and costs for each offense.

Then follow provisions with reference to notice, and in the next section, upon failure of the assessor to act, three citizens of the county are authorized to procure the listing of names and places by the county auditor.   Section 2436 reads:

On the first day of January, of April, of July, and October of each year there shall be due and payable from each person returned to the county auditor by the assessor, or by three citizens as aforesaid, as a person carrying on the business of selling or keeping for sale intoxicating liquors, or maintaining a place where such liquors are sold or kept for sale, a quarterly installment of the mulct tax herein provided for, and the tax due from any person so returned by the assessors, or by three reputable citizens shall be a lien upon the real property wherein or whereon such business is returned as being carried on or such place maintained, whether the person carrying on such business, or maintaining such place, is correctly described or not.

If the installments of tax due and payable as aforesaid are not paid within one month after the same become due and payable, then a penalty of 20 per cent. shall be added thereto, together with 1 per cent. per month thereafter until paid.   Whoever is assessed under the provisions of this chapter shall be liable at least for one quarterly installment of the tax herein provided for, notwithstanding any such person may discontinue the business when so assessed, and notwithstanding the fact he may have been in the business for a less period than three months; and, if he shall continue therein for a longer period than three months, he shall be liable for an additional quarterly installment, subject to abatement on account of discontinuance of the business before the expiration of such second or subsequent quarter. Section 2437 requires the county auditor on the last day of December, March, June and September to certify to the

county treasurer the names of persons returned to him as occupant and owner, together with the description of the places where the business is carried on, and the section following makes it the duty of the treasurer upon receipt of such certificate to enter a quarterly installment of the tax in " the mulct tax books as due and payable by the person carrying on such business or keeping such place," and as a lien against the realty whereon it is maintained. Then follow provisions for the collection of the tax by the sale of real and personal property, the hearing of applications for remissions, etc., and conditions under which the payment shall operate as a bar to prosecution. These latter prescribe the restrictions with particularity under which the business shall be conducted, and emphasizes the thought that the tax is against the business, and not the property owing to its use. And such has been the theory of all the decisions of this court touching the question. Thus in *Smith v. Skow*, 97 Iowa, 640, the court, speaking through Kinne, J., observed: " It matters not that the Legislature in the statute speaks of this license or charge as a tax. That does not make it a tax. It is in reality a charge or license on the business of vending liquors which charge is made by the statute a lien upon all property, both personal and real used or connected with the business."

The lien thus created was held not to take priority over a mortgage on the real estate on which intoxicants were sold, though taxes on personal property had been held to constitute a prior lien. In *Guedert v. Emmet County*, 116 Iowa, 40, the court, speaking through Weaver, J., said that " the mulct tax is not primarily a charge on property, but is assessed against the person on account of the business in which he is engaged, and is made a lien on property simply as an aid to its collection." And farther on the tax is referred to as " not primarily a tax or charge upon the saloon keeper's property, but a price or penalty set upon his business, and the lien is a collateral feature, provided

simply as an aid to collection." The same view was entertained by the federal court in *Re Ott* (D. C.) 95 Fed. 274, where the tax was said to be merely a charge exacted for the privilege of carrying on the business of selling intoxicating liquors, and not a tax within the meaning of the bankrupt law, requiring the trustees to first pay taxes due and payable to the bankrupt. In *Newton v. McKay,* 130 Iowa, 596, the court, speaking through Deemer, J., pointed out that the amount exacted could not be regarded as a license, as its payment does not alone operate as a bar to proceedings for the illegal sale of intoxicating liquors, and definitely determined that it was levied pursuant to legislative power upon the traffic or business of selling or keeping for sale intoxicating liquors. There is no personal liability for the payment of taxes levied on property (*Plymouth County v. Moore,* 114 Iowa, 700), but under the statute first quoted the person carrying on the business is personally liable for the payment of the tax (*Marshall Co. v. Knoll,* 102 Iowa, 573). The tax is assessed against the " person, partnership or corporation, excepting persons holding permits, carrying on the business of selling or keeping for sale intoxicating liquors or maintaining a place wherein intoxicating liquors are sold or kept with intent to sell," and not against the realty whereon or wherein this is done or against personal property made use of in connection therewith. Liens against these are created as an aid to the collection of the tax, and not in pursuance of any assessment thereof or levy thereon.

Having reached this conclusion, we next turn to the statutes in relation to the discovery and taxation of omitted property to ascertain if they are broad enough to cover the omissions involved in this case. Section 1374 of the Code provides that, " when property subject to taxation is withheld, overlooked or from any other cause is not listed and assessed, the county treasurer shall, when apprised thereof, at any time within five years at which assessment should

have been made, demand of the person, firm, corporation
or other party by whom the same should have been listed,
or to whom it should have been assessed, or the adminis-
trator thereof, the amount the property should have been
taxed in each year the same was so withheld or overlooked
and not listed and assessed, together with 6 per cent. interest
thereon from the time the taxes would have become due
and payable had such property been listed and assessed."
What follows relates to the collection thereof. It will be
noted that this statute includes " property subject to taxa-
tion " only. It does not concern taxes on any business
or traffic or other public exactions. The decisions constru-
ing it have proceeded on the theory that, not only must
property be shown to have been omitted from the tax list,
but it must be assessed by the treasurer before collection
may be enforced. The mulct tax is not determined by
any valuation put upon the property, but is a fixed charge
against the business. The property whereon this is con-
ducted is not taxable therefor, but merely bears the lien
of the tax levied against the business or traffic in intoxicat-
ing liquors. This must have been the view of the trial
court, else the real estate would not have been relieved of
the lien, for there was no room for doubting that the owner
might have ascertained the use made of the premises by
reasonable care or diligence.    See section 2444 of the Code.

The thought that the section is not applicable to mulct
taxes is farther emphasized by the circumstances that the
provisions with reference to their assessment and collection
are specific and complete in themselves, save that section
2439 of the Code enacts that, " after the expiration of one
month from the date when such tax becomes due and pay-
able if not paid, it shall be delinquent and collectible by
the treasurer in the same manner as that in which other
delinquent taxes are collectible and all the provisions as
to the collection of other delinquent taxes shall apply."
In expressly making the provisions for the collection of other

taxes applicable the statute by implication excludes all others, including those relating to assessment, and for this reason the section relating to omitted property is not applicable. The county treasurer is without authority to assess the mulct tax, save upon request of the party carrying on the business as directed by paragraph 12 of section 2448 of the Code as amended, and the court erred in holding that he might do so by virtue of the statute relating to the assessment and listing of property omitted from taxation.

*Affirmed* on appeal of C. W. Murrow, treasurer, and otherwise.— *Reversed.*