DES MOINES BREWING COMPANY, Appellant, v. POLK COUNTY, Appellee.

INTOXICATING LIQUORS: Mulct Tax—Wholesale Dealers. A
1   wholesale dealer in intoxicating liquors is liable for the payment of the so-called "Mulct Tax" equally with a retailer. In other words, the term "penalty," as employed in Sec. 2456, Code, 1897, does not embrace the "mulct tax." (See Secs. 2382, 2432, 2447, 2460, Code, 1897.)

TAXATION: Recovery of Tax Paid—Mulct Tax. The so-called
2   "mulct tax," provided by the Intoxicating Liquor Act (Chap. 6, Title XII, Code, 1897), is not a "tax," within the terms of Sec. 1417 of said Code, which provides for the repayment of illegally exacted "taxes."

INTOXICATING LIQUORS: Mulct Tax—Avoidance. The proce-
3   dure provided by Sec. 2441 *et seq.,* Code, 1897, for contesting the imposition of the so-called "mulct" tax, is exclusive of all other procedure and remedies.

*Appeal from Polk District Court.*—LAWRENCE DE GRAFF, Judge.

JUNE 24, 1918.

ACTION by the plaintiff to recover from the defendant county the amount of certain mulct taxes heretofore paid by it, on the ground that such taxes were illegally exacted. There was a demurrer to the petition, and the plaintiff has appealed.—*Affirmed.*

*Oscar Strauss,* for appellant.

*Ward C. Henry, Arthur T. Wallace, A. G. Rippey,* and *Louis Cohen,* for appellee.

Evans, J.—I. The plaintiff was formerly a manufacturer of spirituous, malt, and vinous liquors, and operated its manufacturing plant in Polk County. It seeks to recover the amount of the mulct taxes so paid, covering the years 1908 to 1915, inclusive. The action is predicated upon the theory that no mulct tax was properly collectible from a manufacturer of intoxicating liquors, unless such manufacturer sold liquors at retail. This contention is predicated upon our statutory provisions pertaining to the mulct tax and to the manufacturing of intoxicating liquor. Reliance is had upon Section 2456 of the Code, which contains the following:

1. Intoxicating Liquors: mulct tax: wholesale dealers.

"Any person, partnership or corporation * * * manufacturing or selling any spirituous, malt or vinous liquors at wholesale and to dealers only * * * shall be exempt from any and all *penalties* now provided by law for manufacturing, selling or transporting spirituous, malt or vinous liquors."

Code Section 2460 provides:

"Any person, partnership or corporation operating any brewery, distillery or place where wine is manufactured, permitting any drinking of such products or selling the same at retail upon the premises of any such manufacturing establishment, shall forfeit the exemption hereby contemplated to be granted."

The argument is that the statute distinguishes between the manufacturer who sells at wholesale and the dealer who sells at retail, and that the mulct tax was intended to be applied to the retailer only. Attention is directed to that provision of Section 2456 whereby the manufacturer is held "exempt from any and all *penalties* now provided by law for manufacturing, selling," etc. It is argued that the mulct tax is a *penalty*, and that, by the foregoing provision of the statute, the manufacturer is necessarily exempted therefrom.

The real question which is sifted out of the argument is whether the word "penalty," as used in Section 2456, is intended to include the mulct tax.

It is true, in one sense, that the mulct tax is a burden or *penalty* upon the liquor business. In another sense, it is the very reverse of that, in that it operates to bar "penalties" to which the dealer would otherwise be subject. If the word "penalty," in Section 2456, is used therein in the latter sense, then the, argument of appellant falls. The basic section of our prohibition statute is Code Section 2382, as follows:

"No one, by himself, clerk, servant, employee or agent shall, for himself or any person else, directly or indirectly, or upon any pretense, or by any device, *manufacture,* sell, exchange, barter, dispense, give in consideration of the purchase of any property or of any services or in evasion of the statute, or keep for sale, any intoxicating liquor, which term shall be construed to mean alcohol, ale, wine, beer, spirituous, vinous and malt liquor, and all intoxicating liquor whatever, except as provided in this chapter, or own, keep, or be in any way concerned, engaged or employed in owning or keeping any intoxicating liquor with intent to violate any provision of this chapter, or authorize or permit the same to be done; and any clerk, servant, employee or agent engaged or aiding in any violation of this chapter shall be charged and convicted as principal."

Other provisions of the statutes provide *penalties* for the violation of the foregoing. The rigor of the foregoing statute has been somewhat mollified by the so-called mulct tax provisions. The basic section pertaining to this tax is Section 2432, Code, 1897, and is as follows:

"Every person, partnership or corporation, except persons holding permits, carrying on the business of *selling or keeping for sale intoxicating liquors,* or maintaining a place where intoxicating liquors are sold or kept with intent to

sell, shall pay an annual tax, to be called a 'mulct tax,' of six hundred dollars, in quarterly installments as hereinafter provided, which tax shall be a lien upon the real property wherein or whereon the business is carried on, or where the place for selling or keeping for sale is maintained, from the time each installment of tax as hereinafter provided shall become due and payable. In case the person carrying on the business of maintaining the place is a different person from the owner of the real property wherein or whereon the business is carried on or the place maintained, then the tax shall be payable by the person conducting such business or maintaining such place. But such owner may pay such tax at any time after the same becomes due and payable for the purpose of releasing his property therefrom. Any permit holder selling intoxicating liquors as a beverage shall pay the tax provided for in this section."

It will be seen that the foregoing section, by its terms, applies to *every person,* etc., carrying on the business of selling or keeping for sale, etc. Sections 2456 to 2460, inclusive, impose additional limitations upon the manufacturer. He is permitted to manufacture and *to sell* at wholesale. He is not permitted, under any circumstances, *to sell at retail upon the manufacturing premises.* He cannot acquire this right even by paying the mulct tax. He cannot escape the mulct tax by relinquishing such right. It does not follow that he may conduct the manufacturing and wholesale business without paying the mulct tax. On the contrary, every provision of the statute pertaining to such tax applies in terms to the manufacturing seller, in the same manner as it does to any other seller.

Code Section 2447 is as follows:

"Nothing contained in this chapter so far as it relates to the mulct tax shall be in any way construed to mean that the business of the sale of intoxicating liquors is in any way legalized, nor as a license, nor shall the as-

sessment or payment of any tax for the sale of liquors as aforesaid protect the wrongdoer from any *penalty* now provided by law, except as provided in the next section."

The next section, 2448, specifies the conditions which must be complied with, in order to render the mulct tax a bar to prosecution. Sections 2447 and 2448, taken together, provide that the payment of the mulct tax under the statutory conditions shall operate to protect the seller of intoxicating liquors from any *penalty* now provided by law. Clearly, the word "penalty," in this connection, does not include the mulct tax itself. We think it clear that the word "penalty," as used in Section 2456, is used in precisely the same sense as it is used in Section 2447. The appellant brings to our attention the discussion of the opinion in *Guedert v. Emmet County,* 116 Iowa 40, wherein the mulct tax is referred to as a "price or penalty" set upon the saloon keeper's business. We see little aid for the appellant in this citation. The language thus used was entirely appropriate to the question there under discussion. The mulct tax is an anomaly in the law. It is difficult to give to it a logical classification. It is both a tax and not a tax; a penalty and not a penalty; a bar to prosecution, but not a justification. It usually involves, therefore, some struggle of speech to deal with it. Appellant cites, also, *Orke v. McManus,* 142 Iowa 654, and *Sowles v. Martens,* 160 Iowa 580, as recognizing a distinction between wholesale and retail selling of liquor. There is a distinction recognized in the statute, but it furnishes no aid to the position of the appellant. We have examined the opinions in the cited cases, and find nothing in either opinion' that aids the contention of the appellant. Moreover, we have heretofore held directly that the storage warehouse of a manufacturing company was subject to mulct tax. *In re Taxation Des Moines Union R. Co.,* 137 Iowa 730. This holding was not based upon any assumption that the manufacturing company was selling at retail.

This holding was clearly foreshadowed, also, in *Bell v. Hamm,* 127 Iowa 343, and *State v. Miller,* 114 Iowa 396.

While it is true, therefore, that the statute recognizes a distinction between sale at wholesale and sale at retail, in that the manufacturer may sell at wholesale, but may not, under any circumstances, sell at retail, yet the fact remains that the manufacturer may not sell even at wholesale, without compliance with the provisions of the mulct statute, and that he comes within the sweeping provisions of the prohibitory statutes, which prohibit every person from selling or keeping for sale intoxicating liquors to be used as a beverage. This prohibition has its qualification in the mulct statute. Without the mulct statute, the manufacturer could neither sell nor even manufacture. By compliance with the conditions of the mulct statute, he may do both. The basic condition of the mulct statute is the payment of the mulct tax.

II.   There is a further conclusive reason why the plaintiff could not recover in this case, even though the mulct tax be deemed a penalty, within the meaning of Section 2456. Treating the tax as a penalty, the plaintiff 2. TAXATION: recovery of tax paid: mulct tax. paid it for many years, knowing it to be such. True, it avers that it paid the same under protest. But, in the absence of statute, the plaintiff could not thereby create and keep alive successive causes of action against Polk County. The tax was levied by the state. Its collection and distribution were obligatory upon the county officials. The statute relied upon by the plaintiff as authorizing the maintenance of this suit is Code Section 1417. This section provides for a "refund to the taxpayer" of any tax found to be erroneously or illegally exacted or paid. Was the plaintiff a taxpayer, and was the mulct tax a tax, within the meaning of Section 1417? This section is a part of the chapter on the collection of taxes. The taxes thus dealt with in such chapter are property taxes,

which are levied pursuant to assessment of property. That the mulct tax was not included within the contemplation of that chapter was held in the *Des Moines Union Railway* case, supra. It was there held that, where the assessment of the mulct tax had been omitted, it was not within the power of the county treasurer to assess the same, under the provisions of Section 1374.

It necessarily follows that Section 1417 does not authorize a suit by the plaintiff to recover mulct taxes paid.

If a right of action were permitted in such a case, either by legislation or by judicial construction, it would necessarily be subversive of the entire legislation pertaining to the sale of intoxicating liquors. When a

3. INTOXICATING LIQUORS: mulct tax: avoidance.

mulct tax is assessed against a place, it implies a charge by the state that intoxicating liquors are there kept for sale to be used as a beverage. If the person carrying on such business may pay the tax, even under protest, and then, after many years, bring suit to recover the same, on the ground that he did not, in fact, have in his possession intoxicating liquors for sale to be used as a beverage, or that he had not engaged in any sale and was not intending to do so, then the public authorities are put under the necessity of preserving indefinitely the proofs upon which they have acted in making the assessment. Such proofs would necessarily involve the testimony of witnesses who, though available then, might not be available years thereafter. The facts which would properly subject a person to an assessment of the mulct tax involve the guilt of his violation of the prohibitory law. If the trial of such an issue could be postponed for many years, by a present payment of the tax, and the issue be raised thereafter at any time at the will of the dealer in intoxicating liquors, the enforcement of the prohibitory law would become a farce. The statute provides the method of contesting the imposition of the mulct tax. It is adequate to the pro-

tection of the innocent. We are clear that it is not open to a person who pays the same to raise the issue later, in the manner presented herein. The demurrer to the petition was properly sustained, and the order is—*Affirmed.*

PRESTON, C. J., LADD and SALINGER, JJ., concur.