ELMER DIDIER, appellant, v. LUCAS COUNTY et al., appellees.

No. 48050.

(Reported in 55 N.W.2d 197)

OCTOBER 14, 1952.

Hoegh & Meyer, of Chariton, for appellant.

A. V. Hass, of Chariton, for appellees.

OLIVER, J.—In 1926 the county attorney of Lucas County instituted action for the state against Elmer Didier, plaintiff herein, under chapter 98, Code of Iowa, 1924 (1927, 1931, 1935, 1939, now as amended, chapter 128, Code of 1950), praying that Didier be enjoined from maintaining a liquor nuisance in certain real estate and that the mulct tax be imposed against Didier and the real estate in question. Judgment rendered therein in November 1926 enjoined Didier from maintaining a liquor nuisance in said premises, ordered the nuisance abated and imposed against Didier the $600 mulct tax provided by section 2051, Code of 1924, section 128.38, Code of 1950.

In 1951 the county treasurer issued a distress warrant for the collection of the mulct tax assessed against Didier. Based upon this the sheriff made garnishment of Didier's checking account in a bank. Didier brought this action to enjoin and quash the distress warrant and execution on the ground the proceedings were barred by the provisions of the Fiftieth General Assembly, chapter 111, section 1, now section 128.41, Code of 1950, which recites:

"From and after January 1, 1944, no judgment or decree of injunction entered prior to January 1, 1930, in any action brought under the provisions of chapter six (6), title XII, code of 1897, and all acts amendatory thereto or under the provisions of chapter 98, code 1939, and all acts amendatory thereto, shall be enforced against any real or personal property named or re-

ferred to in any such judgment or decree; and from and after January 1, 1944, any lien or encumbrance created on real or personal property by or under any such decree, shall expire unless action to renew such lien or encumbrance is brought prior to said date * * *."

Defendants moved to dismiss plaintiff's petition on the ground Code section 128.41 did not bar the collection of the mulct tax assessed against Didier, personally, but merely terminated the lien of the tax as against any real or personal property made subject thereto by the judgment or decree imposing the tax and that plaintiff's bank account was not mentioned in nor made subject to the mulct tax by the 1926 decree. The trial court sustained the motion to dismiss. Plaintiff, having elected to stand on the record, prosecutes this appeal. See Rule of Civil Procedure 86.

Chapter 6, Title XII, Code of 1897, and amendatory acts, "Of Intoxicating Liquors", made provision, among other things, for actions to enjoin and abate liquor nuisances. The chapter also provided for the mulct tax, which was to be entered by the county treasurer, from a list of persons returned by the assessor to the county auditor and by the latter certified to be persons subject to such tax. It may be noted that this provision was changed in 1924 and that under the statute in effect since then the power to levy the tax is in the court. See Shriver v. Polk County, 203 Iowa 529, 212 N.W. 718.

The mulct tax lien section in effect prior to 1924 (section 2432, Code of 1897) provided that persons dealing in intoxicating liquors should pay an annual " 'mulct tax' * * * which tax shall be a lien upon the real property" where the business is maintained. The tax was payable by the person conducting the business if he was not the owner of the real estate, "But such owner may pay such tax * * * for the purpose of releasing his property therefrom."

Chapter 98, Codes of 1924 to 1939 (now chapter 128, Code of 1950), entitled "Injunction and Abatement" was a recodification, with changes, of parts of such provisions of the 1897 Code.

Section 2051, Codes of 1924 to 1939 (now section 128.38 Code of 1950), is in this chapter. It provides:

"When a permanent injunction shall issue * * * a tax shall be imposed upon said building and upon the ground upon which the same is located, and against the persons maintaining said nuisance and against the owner or agent of said premises, when they knew, or ought in reason to have known, of said nuisance."

Hence, under the statutes enacted in 1924 and now in effect, the mulct tax may be imposed upon all or part of the following: (1) the building and ground (2) the person maintaining the nuisance (3) the owner or agent of the premises, when they knew or ought to have known of it.

In the 1926 injunction case the mulct tax was imposed against Didier only. No mulct tax was imposed upon the property nor against the owner or agent. However, we do not consider that material here. Had such tax been imposed upon the property it would not have been enforceable against the property after January 1, 1944, and its lien would have expired under the provisions of section 128.41. But that would not have discharged Didier's personal liability or rendered the tax unenforceable against him. The statute does not state a mulct tax imposed before 1930 against persons may no longer be enforced against them. Nor does the provision for the expiration of any lien or encumbrance created on property by such decree include obligations owed by persons such as the mulct tax against Didier.

No decisions interpreting Code section 128.38 have been brought to our attention. However, there are decisions under the former mulct tax lien statute, section 2432, Code of 1897, hereinbefore set out in part, which is similar to the present statute.

Guedert v. Emmet County, 116 Iowa 40, 44, 89 N.W. 85, 86, states: "As will be thus seen, the mulct tax is not primarily a charge upon property, but is assessed against the person on account of the business in which he is engaged, and is made a lien upon the property simply as an aid to its collection."

In re Appeal of Des Moines Union Ry. Co., 137 Iowa 730, 735, 115 N.W. 740, uses language to the same effect.

Carroll County v. Ley, 127 Iowa 230, 103 N.W. 101, cited by plaintiff, states an action to recover a mulct tax may be maintained against the person conducting the business and the sureties on his bond, but as against the owner of the property the mulct

tax is not a personal obligation which can be enforced in an action at law. In this case Didier was the person maintaining the nuisance but was not the owner or agent of the premises.

In Marshall County v. Knoll, 102 Iowa 573, 578, 69 N.W. 1146, 1147, 71 N.W. 571, the court pointed out: "The act makes the person engaged in the business to which it refers personally liable for the payment of the tax, and, in addition, provides for a lien upon and sale of the property used in the business for the same purpose."

■ Plaintiff's case is founded upon the theory that the mulct tax assessed against him was not a debt but was a lien only. He cites In re Estate of McMahon, 237 Iowa 236, 21 N.W.2d 581, 163 A. L. R. 720, and 51 Am. Jur. 40, 41, Taxation, section 8. Whether or not the tax assessed against plaintiff was technically a debt is not determinative of this case. It is sufficient to say the mulct tax was a personal obligation against plaintiff as the person who maintained the nuisance. However, the tax was not a lien upon his bank account or any other property he might have owned.

■ The statute provides for the expiration of liens and encumbrances created on property by or under liquor injunction decrees. It does not include judgments or decrees by or under which mulct taxes are imposed against persons. Hence, the order sustaining the motion to dismiss the petition was correct.

This disposes of the only ground pleaded by plaintiff to defeat the garnishment. Other grounds first suggested upon appeal will not be considered.—Affirmed.

All JUSTICES concur.