## BAILEY v. FISHER.

1. **Tax sale**: ASSESSMENT. At a general election the people of F. township elected two assessors, one for the township and another for the incorporated town of A. situated within its limits. The assessor elected for the town, following a custom, assessed land outside of the town. *Held*, that the assessment, so far as it included land outside of the town, was a nullity, and a sale for taxes under it was void.

2. ——: ——: OFFICER DE FACTO. To support the acts of one on the ground that he is an officer *de facto*, they must have been done under color of the office whose duties should have been discharged by the person filling it.

### *Appeal from Jones District Court.*

#### WEDNESDAY, APRIL 22.

ACTION in equity to set aside a tax deed to defendant for land of plaintiff on the ground that the land was sold for taxes without having been legally assessed. A preliminary injunction was allowed restraining defendant from the sale of the land, and from disposing of the timber thereon. A motion to dissolve the injunction was overruled, and from this judgment of the court defendant appeals. The facts of the case involved in the questions of law decided are found in the opinion.

*G. W. Field* and *Pierce & Kuhn*, for appellant.

*Scott & Ercanbrack*, for appellee.

BECK, J.—The facts of the case are as follows: The land in controversy is situated in Fairview township, Jones county, and was sold for the taxes of 1867, to defendant, and a deed duly made therefor. As the law then stood, in addition to township assessors, there was chosen by each incorporated town at its municipal election, an assessor who listed all property within its limits. The township assessors were elected at the general election for state and county officers. Acts of 9th Gen. Ass., Ch. 173, § 2; Acts 10th Gen. Ass., Ch. 26, § 2. The incorporated town of Anamosa is in Fairview township. At the general election of 1866, one Arnold was elected assessor of Fairview township, and one Dott, at the same election, and not a municipal election, was chosen assessor of Anamosa, and gave bond and took the oath of office as required by law. It appears that both of these assessors were voted for by all the electors of the township, including those who lived within the limits of the town of Anamosa. The Wapsipinicon river divides the township. Anamosa is in that part of the territory lying north of the river. The land in controversy is a considerable distance from the town. From 1863, until after the assessment of the taxes in question, it was the custom of the assessor of Anamosa to list the lands north of the river and lying without the town. The other part of the township was assessed by the township assessor. No question seems to have been raised during this time as to the regularity of such assessments, which were made under a misapprehension of the law. The plaintiff is a non-resident of the state.

The only question we are called upon to decide is this: Was the assessment of the land in 1867, by Dott, the assessor of Anamosa, valid?

While the election of Dott was irregular, he may be regarded as the assessor *de facto* of the town of Anamosa, and all his acts as such within the limits of his official powers are valid, so far as they involve the interests of third persons and the public.

1. TAX SALE: assessment.

Dott, as the assessor of Anamosa, listed lands of the township, including the tract in controversy. He did not assess them as the township assessor, and it is not claimed that he

acted as such. We then have the simple case of one officer performing an act which the law requires of another, without claiming or assuming his functions. The question does not arise whether Dott was *de facto* assessor of Fairview township. He did not act as such, nor assume the duties of that office. He simply performed acts in his official capacity as assessor of Anamosa, which the law required another officer to do. The discussion upon the point made by defendant's counsel, that Dott was the assessor *de facto*, and his acts are therefore valid, does not apply to the facts of the case. Had Dott made the assessment as the assessor of Fairview township, the argument of counsel on this point would be applicable to the case. But the distinction between such a case and the one before us is obvious.

It is not claimed that where an officer *de jure* or *de facto* assumes duties not imposed upon him by law, and which pertain, under the law, to another officer, that, in such a case, his acts are valid on the ground that he is an officer *de facto*. We have seen no authority supporting such a rule. Yet this is the precise case before us.

*2. ——: ——: officer de facto.*

In order to support the acts of one on the ground that he is a *de facto* officer, they must be done under color of the office, the duties of which must have been assumed and discharged by the person claiming to fill the office. This we think is essential to give one the character of an officer *de facto*, and render his acts *valid*. These views, we think, are not contested by appellant's counsel, and are certainly in accord with all the authorities to which we have been referred.

The fact that Dott made the assessment under a custom extending his powers and duties in a manner, and to subjects unauthorized by law, which was acquiesced in by the officer charged with such duties cannot make his act valid. Customs of this kind cannot abrogate the law. Neither can it be pretended that a mistaken idea as to the extent of the powers and duties of an officer, though honestly entertained by himself and the people, will validate acts done in excess of his authority.

We are of the opinion that the assessment of Dott was a nullity, and that the tax sale for this reason is void.

The judgment of the District Court in overruling the motion to dissolve the injunction is therefore

AFFIRMED.

COLE, J., *dissenting.*—It seems to me that Dott was the assessor *de facto* of the territory actually assessed by him; and that the distinction sought to be made by the foregoing opinion respecting the name under which he assumed to act, has no foundation in principle, and it certainly has no support in precedent. True, he was denominated the assessor for Anamosa, and was elected by the voters of the entire township of Fairview; while another, elected by the same voters, was styled the assessor of Fairview township. Each was an assessor *de jure* within and for the territory indicated by his title, notwithstanding illegal votes may have been cast at their election. Any mere irregularity or collateral illegality in an election does not change the character of an officer *de jure*, into one *de facto*, merely. If the election or appointment was wholly without authority, then such would be its effect. *The People v. White*, 24 Wend., 520; *Cocke v. Halsey*, 16 Peters, 71; *The State v. Bloom*, 17 Wis., 521; *The State v. Menmore.* 14 Wis., 163; *Laver v. McGlachlin*, 28 Wis., 364; *The Commonwealth v. McComb*, 50 Penn. St., 436; *Brown v. O'Connell*, 36 Conn., 432.

Although Dott was elected by the voters living within the territory north of the river, and outside the limits of Anamosa, yet, as to that territory he was an assessor *de facto*, because they had no authority to elect him. He did, however, exercise the duties of the office of assessor over that people and territory, and there has been such a continued acquiescence on the part of the public as does afford presumption at least of a colorable election. or appointment. This constitutes him an officer *de facto*. *Wilcox v. Smith*, 5 Wend., 231; *Ex parte Strong*, 21 Ohio St., 610; *Carleton v. The People*, 10 Mich., 250; *Kimball v. Alcorn*, 45 Miss., 151; *Brown v. Lunt*, 37 Me., 423; *Gilliam v. Reddick*, 4

Ired., 368.   The fact that another person was an assessor *de jure* for that people and  territory would not of itself, and without any claim by him to exercise the office, defeat the character or colorable title of the assessor *de facto*.  Very many *de facto* officers would cease to be such, and the public be deprived of the protection afforded by their acts, if this was the rule.   For instance, at an election to fill a vacancy in the office of justice of the peace, sheriff or judge, the contest is close, and the certificate of election is given to one, and he enters at once upon the duties of his office; while the opposing candidate contests the election and is successful.   According to the above opinion, the occupant of the office under the certificate of election could not be held to be an officer *de facto*, while he was acting, because there was another person who was at the same time such officer *de jure*.   This, it seems to me, demonstrates the error of the opinion.   The very idea of an officer *de facto* carries with it much of an implication that another has the *legal* right to the office.

And, it also appears to me, that the fact that Dott was styled the assessor for Anamosa, cannot defeat the public right to the protection usually afforded by the acts of an officer *de facto*. To so hold, would be to give to the *name* of an officer, the power to limit and control its duties.   He was the assessor in fact of the territory outside of Anamosa, and was so recognized and accepted by the public, and no other person claimed to exercise the duties of that office.   It is this *fact* character, and not the name he bore, nor the technical legal right in another, which affords the protection to the public.

In the recent case of *The State v. Carroll*, 38 Conn., 449, s c., 9 Am. Rep., 409, the question respecting an officer *de facto*, underwent a thorough examination, and it was *held*, " an officer *de facto* is one whose acts, though not those of a lawful officer, the law, upon principles of policy and justice, will hold valid so far as they involve the interests of the public and  third  persons, where the duties of the office were exercised.

*First.*   Without a known appointment or election but under such circumstances of reputation or acquiescence, as were

calculated to induce the people without inquiry, to submit to or invoke his action, supposing him to be the officer he assumed to be.

*Second.* Under color of a known and valid appointment or election, but when the officer had failed to conform to some precedent requirement or condition, as to take an oath, give a bond or the like.

*Third.* Under color of a known election or appointment, void, because the office was not eligible, or because there was a want of power in the electing or appointing, or by reason of some defect or irregularity in its exercise, such ineligibility, want of power or defect being unknown to the public.

*Fourth.* Under color of an election or appointment by or pursuant to a public unconstitutional law, before the same is adjudged to be such."

According to this, or any other case we have seen, the above opinion does not appear to be well grounded. For these reasons I dissent; but a majority say the opinion shall stand, and the judgment be

AFFIRMED.