## ELLIS v. PECK ET AL.

1. **Tax Sale:** PURCHASE BY DEPUTY TREASURER. The deputy of the county treasurer is prohibited from acquiring an interest in lands sold at tax sale, and where he entered upon the books a sale as made to a party who was not present, and who subsequently assigned the certificate to him, it was *held* to be invalid.

2. ———: WHEN VOIDABLE. Such a sale is not void but voidable only, and the fraud of the officer will not defeat the title based thereon, when held by a subsequent purchaser for value without notice, save upon proper proceedings instituted therefor.

3. ———: LEVY: FRAUD. Where there has been no levy, the sale is absolutely void, and a good faith purchaser for value acquires no title thereunder, because this is a defect which the records of the county disclose, but where the assessment and other jurisdictional steps are regular, fraud may defeat the sale, but will not render it a nullity.

*Appeal from Benton Circuit Court.*

MONDAY, DECEMBER 11.

ACTION in chancery to set aside a tax sale and deed made thereon, on the ground of fraud, to quiet plaintiff's title to the lands described in the deed, and to recover possession of the property. The cause was submitted, upon an agreed statement of facts, to the court and a decree was rendered dismissing plaintiff's petition. He now appeals to this court. The facts of the case appear in the opinion.

*Gilchrist & Haines* and *John McCartney*, for appellant.

*O. L. Cooper*, for appellee.

BECK, J.—I. It must be admitted that the sale of the lands for taxes, under which defendants claim title, was fraudulent
1. TAX sale: purchase by deputy treasurer. and void under Code, § 885. Rev. § 775. The facts which bring it within the provision of this statute are these: The record of the tax sale shows that the land was sold to B. R. Sherman. It appears from the agreed statement of facts that Sherman was not at the tax sale, and did not bid on the land but that the deputy treasurer, who conducted the sale, entered it upon the book as having been made to Sherman, without his knowledge and consent. The certificate of sale was issued in the name of Sherman, and retained in the possession of the deputy treasurer. It was assigned by Sherman to the deputy treasurer, to whom the deed was finally executed. Sherman had no interest whatever in the transaction, and his name was used to enable the officer to acquire the tax title. The statute above cited provides that if any county treasurer shall be directly or indirectly concerned in the purchase of any real estate at tax sale he shall be liable to a penalty prescribed therein, and it is declared, "all such sales shall be void." The act which is illegal and defeats the sale, when made by the treasurer, has the same effect when done by his deputy. The sale in the case before

us, under this statute, must be regarded as void in the sense of the word as used in the enactment.

II.   The defendants in this case acquired the lands in controversy by purchase from the grantees of the deputy treas-

2. ——: when
voidable.

urer, to whom the tax deed was made in good faith for value, and without notice of the illegal and fraudulent character of the sale.   We are now to inquire whether the title held by them is protected against the fraud and infirmities which would have defeated it in the hands of the purchaser at the tax sale.

In *Van Shaack v. Robbins*, 36 Iowa, 201, this court held that fraud committed by the purchaser at the tax sale would not defeat the title based thereon, when held by a subsequent purchaser for value, who had no notice of the fraud.   The section of the Revision construed in that case provides, " that in all cases where the owner of lands sold for taxes shall resist the validity of such tax title, such owner may show and prove fraud by the officer selling the same or in the purchaser to defeat the same, and if fraud is so established such sale and title shall be void."   Rev. § 784, Code § 897.   It was held that the word *void* must be construed to mean *voidable*, and that the sale and deed are not to be regarded as nullities, but as subject to be defeated in proper proceedings, when the title, in the hands of a party to the fraud, is assailed or attempted to be enforced.   The rule of that decision we are satisfied is correct.   The case before us is not different in principle.   The language of Code, § 885, under which the title in question is assailed, is not different from section 897, construed and applied in *Van Shaack v. Robbins*.   The principles and reasons applicable in the construction of each provision are identical.

III.   In *Early v. Whittingham*, 43 Iowa, 162, we held that when there was no levy of the lands the sale for taxes was void,

3. ——: levy:
fraud.

and that a good faith purchaser for value, holding under the party who purchased at the tax sale acquired no title to the land.   The distinction between that case and *Van Shaack v. Robbins*, which we follow in this, is obvious, being based upon the following considerations.   Without a levy the lands cannot be subjected to sale; it is one of

the steps necessary to be taken in order to confer the right—the jurisdiction, to sell·property for taxes. *McCready v. Sexton & Son*, 29 Iowa, 356 (388). This is the settled, doctrine of this court, the case just cited having been often followed upon this point. Without a levy the sale is a nullity. But in a case where the assessment and other essential jurisdictional steps have been taken, the sale cannot be so regarded. Fraud, as we have seen, will defeat a sale, but will not make it a nullity. When there has been no levy, or other jurisdictional steps have not been taken, the records of the county show the fact. But the frauds, which under the sections of the Code above cited defeat the tax title, do not appear of record. The purchaser of land held under tax deeds may obtain knowledge of infirmities of the title on account of matters appearing of record. He may be unable to acquire knowledge of frauds committed at the sale. The tax payer has three years between the sale and the deed in which to contest the good faith of the purchaser and officers. Then frauds become more difficult to discover and establish by proof, as time intervenes after their perpetration. The tax payer should rather suffer, having the means and opportunity to detect the fraud, than the good faith purchaser of the tax title who has no notice of such frauds, and no means of discovering them. But in cases where the defects in the tax title appear of record the good faith purchaser has no such equity against the land owner.

A question is discussed by counsel involving the effect of the limitation to actions for the recovery of lands sold for taxes, found in Code, § 902. We do not find it necessary to consider the point, as the judgment of the Circuit Court for the reasons above stated must be

AFFIRMED.