## SCOTT ET AL. v. UNION COUNTY ET AL.

| | |
|---|---|
| *63* | *583* |
| *108* | *217* |
| 63 | 583 |
| 113 | 330 |
| 63 | 583 |
| 137 | 720 |

1. **Appeal to Supreme Court:** FROM RULING ON DEMURRER: NOT ALLOWED TO ONE NOT PREJUDICED. Where a demurrer to a petition was sustained as to some of the grounds, and overruled as to others, but the court, upon the grounds upon which it held the petition to be good, gave the plaintiff all the relief he asked for, *held* that he could not have a review in this court of the ruling upon the demurrer, so far as it was against him.

2. **Taxes in Aid of Railroads:** LIMITATION OF BY STATUTE: ASSESSMENT UNDER PRIOR STATUTE NOT TO BE CONSIDERED. The aggregate amount of tax to be voted or levied in aid of railroads, by any township, town or city, under chapter 123 of the Acts of the Sixteenth General Assembly, is five per centum of the assessed value of the property therein; but, in estimating such aggregate, the fact that a tax was voted, levied and collected for a similar purpose by the same township, under chapter 102 of the Acts of the Thirteenth General Assembly, is not to be considered, although that act contained a like limitation. Such limitation did not affect the power of the legislature to enact the latter statute, which must be construed with reference to its own terms.

3. ———: LEVY BY SUPERVISORS AT IRREGULAR AND ILLEGAL MEETING: TAX VOID. The county supervisors have no power to levy a tax at any other than one of the regular meetings appointed by statute, or a special meeting called in the manner provided by statute. Accordingly, where the board adjourned without a day, and without levying the tax, and on the second day afterwards met again at the suggestion of the auditor, and levied the tax in question—the records being changed at the same time to show that the first adjournment was but temporary, and that the final adjournment was upon the date of the levy, *held* that their action was void, and that the levy was void also.

4. Pleading: ANNEXED EXHIBIT IS NOT PART OF UNLESS MADE SO. Where a record not required by law to be annexed to or set out in a pleading is nevertheless so annexed, it does not become a part of the pleading. unless specially made so by proper averments in the pleading itself.

5. Tax in aid of Railroads: LEVY OF BY SUPERVISORS A MINISTERIAL ACT: RECORD COLLATERALLY ATTACKED. The act of the county supervisors in levying a tax in aid of a railroad is purely ministerial and not judicial, and the record thereof is not, like a judicial record, exempt from attack in a collateral proceeding.

*Appeal from Wapello District Court.*

WEDNESDAY, JUNE 4.

PLAINTIFFS are resident freehold tax-payers in Creston township, Union county. They bring this action in equity to enjoin the collection of a five per cent tax on the property in said township, voted in aid of the Des Moines, Creston & Kansas City Railway. The action was brought originally in the circuit court of Union county, but was afterward changed to the district court of Wapello county. Defendants filed a demurrer to the petition, which was sustained as to certain paragraphs of the petition, and overruled as to others. Defendants elected to stand on the demurrer, and they refusing to plead further, judgment was entered perpetually enjoining the collection of said tax. Plaintiffs appeal from the order sustaining the demurrer to portions of their petition, and defendants appeal from the judgment enjoining the collection of the tax.

*McDill & Sullivan* and *Stiles & Beaman*, for plaintiff.

*D. W. Higbee* and *R. H. Hanna*, for defendants.

REED, J.—I. As the district court determined that the petition stated a cause of action in favor of plaintiffs, and granted them all the relief demanded, they have no grounds of complaint as to the action of the court in sustaining the demurrer to some of the paragraphs of the pleading. The ruling on the demurrer, so far as it was adverse to plaintiffs, did not determine the rights of the parties to the relief or remedy asked, and an appeal will not lie from it. *Richards v. Burden*, 31 Iowa, 305. We will, therefore, not consider the questions attempted to be raised by plaintiffs' appeal although they have been elaborately argued by counsel.

**1. APPEAL to supreme court: from ruling on demurrer: not allowed to one not prejudiced.**

II. It is alleged, in the paragraphs of the petition which the district court adjudged to be sufficient, that the special election at which the tax was voted was held on the 24th of August, 1883; that the township clerk and the clerk of the election certified the rate per cent of tax, and the other particulars required by law, and that this certificate was filed in the auditor's office on the 25th day of August, but was not filed for record in the recorder's office until September 5th, in the afternoon; that the board of supervisors of the county met in regular session on September 3d, that being the time under the law for making the levy of ordinary taxes; and that it adjourned without day on the afternoon of the 4th, without making any levy of said five per cent tax; that after such adjournment of the board the county auditor discovered the requirements of the law with regard to the recording of the certificate and the levy of the tax, and thereupon he filed the certificate for record in the recorder's office, and caused the members of the board to re-assemble on the 6th, and caused the record of the proceedings of the board to be so changed as to show an adjournment of the board from the 4th

to the 6th; and that the members of the board, while so re-assembled, made the only order for the levy of the tax which ever was made. A copy of the record of the proceedings of the board of supervisors at the September meeting is attached to the petition as an exhibit, and the record shows the adjournment of the board from the 4th to the 6th of September, and the adoption on the 6th of a resolution for the levy of the tax.

It is also alleged that the territory which now composes the township of Creston was formerly included in Douglas township, and that in the year 1871, while said territory was part of that township, a tax of three per cent was levied and collected on the property within the township, in aid of the construction of the Creston Branch of the B. & M. R. R.; and it is claimed that the power to levy and collect a five per cent tax on the property which was within the township at the time the former tax was levied and collected was fully exhausted by that levy. The questions, then, which are presented by the record are (1) whether the electors of Creston township had the power to vote the tax in question, and (2) whether there has been a legal and valid levy of said tax.

III. The election at which the tax in question was voted was held under the provisions of chapter 123, Acts of the Sixteenth General Assembly. It is provided in 2. TAX in aid of railroads: section 3 of the act, that "the aggregate amount limitation of statute: assessment under the provisions of tax to be voted and levied under the provisions der prior stat-ute not to be of this act, in any township, incorporated town considered. or city, shall not exceed five per centum of the assessed value of the property therein respectively."

It was held in *Dumphy v. The Supervisors of Humboldt County*, 58 Iowa, 273, that this provision is a limitation on the power to tax under the act, and that, a township having levied one tax of five per cent under the act in aid of the construction of a railroad, its power to levy taxes for that object under the statute is exhausted. The tax levied in Douglas township in 1871 was voted and levied under the provisions

of chapter 102, Acts of the Thirteenth General Assembly. This act contained the same limitations, as to the aggregate per centum of tax which might be levied thereunder, as the act of 1876; but the whole act was repealed in 1872. The position of counsel for plaintiff is, that, the property owners having paid the tax of 1871, while the five per cent limitation in the act of 1870 was in force, there was an express stipulation by the state that the property should not again be subjected to a tax in excess of the amount of the limitation for a like purpose, and that to permit the taxation of the same property for a like object, under the statute of 1876, to an amount in excess of the amount of the limitation, would be to impair the obligation of this contract. This position, however, is not tenable. Taxes are levied by the state in the exercise of one of its sovereign powers. The power to tax is inherent in the government, and does not exist by virtue of any mere contract between it and the citizen. Neither can the right to exercise the power be limited by such contract. When the object for which a tax is levied is legitimate, the legislature is the judge of the extent to which the power shall be exercised, subject only to such limitations as may he found in the constitution. It has the undoubted right, in the enactment of tax laws, to exempt certain property from their operation, or to place a limit on the per centum of tax that shall be levied thereunder; but the enactment of such limitations or exemptions does not have the effect to restrict the power of the legislature, or to create in favor of the property owner the right to have them continued. They are mere matters of grace or favor to those who are affected by them. They have their origin in the statute which creates them, and they terminate necessarily with its repeal.

The fact, then, that a portion of the property of the state had already been taxed under the act of 1870, in aid of the construction of railroads, and that that statute contained the limitation as to the per centum of tax that might be levied thereunder, did not affect the power of the legislature to enact

the statute of 1876. Nor is the force or effect of the latter statute to be determined by it, but it will be construed with reference to its own terms; and by its terms the limitation is as to the per centum of tax which may be levied by virtue of its provisions. The electors of the township, then, had the power to vote the tax in question.

IV. The remaining question is, whether the allegations of the petition show that the act of the supervisors in order-ing the tax levy is illegal and void. We think they do. The supervisors have power to levy the tax only when they are assembled as a board, as provided by law. The regular meetings of the board of supervisors are appointed by statute, and the manner of calling the members together in special session is also pre-scribed by law. Sections 296 and 301, Code of 1873. Upon the final adjournment of a meeting of the board, the members have no power to assemble, or to transact any business re-quired to be transacted in session, until the next regular meeting, unless they be convened in special session, in the mean time, in the manner prescribed in section 301. The al-legation is that the board adjourned without day on the after-noon of September 4th, and that the members again assem-bled on the 6th, and then voted to levy the tax. They had no power at that time to make the levy, and their action is void.

3. ——: levy by supervis-ors at irregu-lar and illegal meeting: tax void.

The position of appellant, however, is that, as plaintiffs have attached a copy of the record of the proceedings of the board at the September meeting to their petition, this re-cord must be regarded as constituting part of the pleading, and, as it shows an adjournment of the board from the 4th to the 6th, and a levy of the tax before the final adjournment of that meeting, the truth of these recitals cannot be questioned in this proceeding. The argument pro-ceeds on the idea that the board in making the levy acted ju-dicially, and that its record has the force and effect of a judi-cial record.

4. PLEADING: annexed ex-hibit is not part of.

We think, however, that this position is not correct. In the first place, the record is not to be taken as a part of the pleading. There is no rule of practice which requires that it should be embodied in or attached to the pleading as an exhibit, and it is not referred to in any manner in the body of the petition as constituting any part of the pleading. And, in the second place, it does not have the force or effect of a judicial record. The act of the board in levying the tax was purely ministerial. The members are clothed with no discretion with reference to it. When the prelimi-

5. TAX in aid of railroads: levy by supervisors a ministerial act: record collaterally attacked.

nary steps have all been taken, it is their duty to make the levy without regard to their individual opinions as to the propriety of the act. They exercise no judgment in the matter; they simply perform the act in a prescribed manner, in obedience to the mandate of the law. Their acts may, therefore, be questioned in collateral proceedings, and, if their act was void for want of power to do it at the time it was done, the fact may be shown, notwithstanding the record. We think, therefore, that the demurrer was properly sustained on this ground; and the judgment is

AFFIRMED.