IN RE ESTATE OF VINCENT J. HAGAN.

FEDERAL LAND BANK OF OMAHA et al., Appellees, v. ELIZABETH HAGAN et al., Executors, Appellants.

No. 46014.

OCTOBER 20, 1942.

526

Griffin & Griffin, of Sioux City, for appellants.

F. R. Boyles and Don C. Young, both of Omaha, Nebraska, for appellees.

MITCHELL, J.—Vincent J. Hagan, a resident and citizen of Woodbury county, Iowa, died, and Elizabeth Hagan and Stewart J. Hagan were duly appointed as executors of his estate. On the 30th day of April 1941, the Federal Land Bank of Omaha filed in said estate proof of claim on debt not due. Claim was based upon a promissory note in the amount of $17,500, payable in semi-annual installments, and was secured by a first mortgage on certain described real estate. The amount of the claim as filed is $16,628.98, being the unpaid balance as of January 1, 1941. The claim as filed shows that all payments to that date had been made and claims no default in the performance of the conditions of the note or mortgage. It expressly reserves the right of the claimant to enforce its note and mortgage against any of the other makers of the note and reserves all other legal remedies both as to individual personal responsibilities of the signers and enforcement against the security, and it then contains the following paragraph:

"That said unpaid balance, with interest, costs, and attorney fees, is not yet due by the terms and conditions of said note and mortgage; that time is the only element lacking to mature said indebtedness; that unless default is made in the payment of the installments, or other conditions broken and violated, the said note and mortgage will not mature during the period of administration of this estate, save for the semi-annual installments falling due as are provided by said note and mortgage; that until an installment is due and default is made in the payment thereof, or until the taxes become delinquent, or other conditions are

broken, Claimant herein cannot exercise its option to accelerate the due date of said note and mortgage, or foreclose by reason thereof.''

On the same day the Federal Farm Mortgage Corporation filed a claim in the amount of $5,250, as of January 1, 1941, on a promissory note dated the same day as the note and mortgage of the Federal Land Bank of Omaha, to wit, January 8, 1935, and secured by a second mortgage on the same real estate. This claim shows all amounts due were paid up to the time the claim was filed. It also contains the reservation of all other legal rights to enforce the note and mortgage as set out in the Federal Land Bank claim.

On the 9th day of September 1941, the executors of the estate of Vincent J. Hagan filed their answer to the claim of the Federal Land Bank of Omaha. It alleges that the promissory note in the amount of $17,500 is signed by the decedent and three others, which other three makers are still living and are solvent, and that the estate is solvent and all unsecured claims against the estate have been paid; that the claim is secured by a mortgage on real estate in Woodbury county, Iowa; that all matured payments of interest and principal have been made; that there are no unpaid delinquent taxes on the real estate which is security for said note; that the only power of the court with respect to the allowance of claims not due is contained in Code section 11975, which provides that the money to which the claimant would be entitled shall be invested until the debt becomes due and that said money is already invested in the real estate upon which claimant has a mortgage; that the final payment of the claim is not due until the year 1971; that as it is a fully secured claim not yet due, the claimant has no right to have the claim established and allowed against the estate of the decedent. As a second defense the answer sets up that the Federal Farm Loan Act [12 U. S. C., section 641 et seq.] provides for the release of the maker of the note upon his death and assumption by the heirs.

A similar answer was filed to the claim of the Federal Farm Mortgage Corporation.

The Federal Land Bank of Omaha filed a demurrer to the answer of the executors to the claim of the Federal Land Bank

of Omaha. The demurrer pleads that the defenses set up in the answer are purely argumentative, irrelevant, immaterial, and are matters of legal conclusions of the pleader and are not statements of ultimate fact such as would constitute a defense to said claim. A separate demurrer was filed to the claim of the Federal Farm Mortgage Corporation. There being no dispute as to the facts, the two claims were consolidated for hearing on the demurrers by agreement of the parties. The court sustained the demurrers. The executors elected to plead no further and to stand on the record and the court allowed the claims as debts not due in the amount of the unpaid balances. The executors of the estate have appealed.

There is no dispute in the facts in this case. The decedent Vincent J. Hagan and one B. E. Short owned a farm of approximately 300 acres bordering on the city limits of Sioux City, Woodbury county. Hagan and Short applied for and were granted mortgage loans under the provisions of the Federal Farm Loan Act, the first mortgage being in the principal amount of $17,500, payable to Federal Land Bank of Omaha, and the second mortgage being in the principal amount of $7,500, payable to the Land Bank Commissioner (now Federal Farm Mortgage Corporation). All of the notes and mortgages are dated January 8, 1935, and are signed by decedent Vincent J. Hagan and his wife, Elizabeth Hagan, and by the owner of the other half interest, B. E. Short, and his wife, Louise A. Short. Vincent J. Hagan, one of the owners, died on March 10, 1941, at the age of 64 years, leaving a will, by the terms of which he gave the farm involved to his wife Elizabeth as part of the residuary estate. His will distributed some other assets of his estate, including some personal property and city property, to his children. All the other signers of the notes and mortgages involved in the claims now before the court are still living. The solvency of the estate and the solvency of the other three signers of the notes and mortgages are alleged in the answers and admitted by the demurrers.

The appellees themselves admit that there is no default of any kind or any breach of any other covenant and condition of said notes and mortgages. The answers of the executors of the estate admit the execution and validity of the notes and

mortgages, admit the claims were filed for the correct unpaid balance at the time, allege no delinquency or defaults of any kind. The notes and mortgages of both claimants are payable in semiannual installments. The first mortgage matures in 1971 and the second mortgage in 1948.

The appellants in their brief and argument say:

"The principal question to be determined is whether this estate must be held open until the year 1971, awaiting a possible deficiency judgment under a possible mortgage foreclosure."

As we see it, this is not the question with which we are confronted. It is a simple one. Have these claimants a right, under the Iowa law, to file claims on these notes and mortgages that are not yet due?

Code section 11964 is as follows:

"Demands not due. Demands not yet due may be presented, proved, and allowed as other claims."

No distinction is made between secured and unsecured demands not yet due in the above-quoted section. It leaves no room for construction. The provision simply states that debts incurred by one which at the time of his death were not due could be proved and allowed as other claims. To hold that it only applies to unsecured claims would require this court to read into the statute something which the legislature did not put there. The job that confronts this court is to interpret the statutory law as it is written. If the law as written is not satisfactory to the people, they have a right to have it changed, but that change must be made by the legislative branch of our state government and not by judicial construction.

The appellants contend that these mortgages and the obligations which they secure, being not yet due at the time of testator's death, should be treated as contingent claims for which the heirs of the estate might be liable in the future. In the case of In re Estate of Fatland, 197 Iowa 1231, 1238, 198 N. W. 785, 788, this court said:

"Appellants contend that, under the foregoing authorities, their claims were not of the fourth class, and that, therefore,

the limitation does not apply. The contention cannot be sustained. It is true that the entire amount of these claims, and particularly the notes and mortgages assumed by the testator, were not all due at the time of his death, and would not be until the mortgagee had exercised his option of declaring all due for nonpayment of interest. But that they were a debt of the testator's, arising before his death, we have no doubt. The statute before quoted provides that claims not due may be allowed. * * *

"When deceased assumed the payment of the taxes, mortgages, and the interest thereon, he obligated himself to pay them. They were debts arising in his lifetime."

■ Appellants argue that section 11975 applies, which is as follows:

"Demands not due. Demands not yet due may be paid, if the holder will consent to such a rebate of interest as the court thinks reasonable; otherwise, the money to which he would be entitled shall be invested until his debt becomes due."

With this we cannot agree. This section does not apply to the filing of claims against the estate but provides demands not yet due may be paid, under certain conditions approved by the court, and if the holder will not consent, then the money is to be invested until the debt becomes due.

The appellants, in a very able argument, call our attention to the fact that one of these mortgages does not become due until 1971 and that the allowance of this claim against the estate might require that the estate be held open until that time. We can readily see the difficulty which confronts an estate when a mortgage not yet due, as the one involved in the case at bar, is permitted to be filed against the estate. The difficulties are many, but the solution is one for the legislature and not for the courts.

■ It is next argued that the court erred in holding that the Federal Farm Loan Act, as applied to the Federal Land Bank, does not contemplate an assumption of the mortgage by the heirs or the beneficiaries and the release of the estate of the mortgagor from personal liability, citing United States Code, Title 12, section 771, subdivision 6. The appellants insist that

if there is personal liability on the mortgage indebtedness due the Federal Land Bank, Elizabeth Hagan, the widow, automatically assumed such liability upon the death of her husband, because she had already signed the obligation. With this, of course, we cannot agree. If Elizabeth Hagan ever became liable, she did so at the time she signed the note and mortgage. Nothing has been done since that has added to or taken away from that liability. There is no claim that there has been any separate assumption by anyone in the case at bar. Whether, under the Farm Loan Act, if there had been an assumption it would have released the estate, we do not pass upon, because in this case there is no assumption by anyone. The lower court was right and it necessarily follows that this case must be, and it is,— Affirmed.

All JUSTICES concur.