G. C. ISBELL, and others similarly situated, appellants, v. BOARD OF SUPERVISORS OF WOODBURY COUNTY et al., appellees.

No. 47980.

(Reported in 54 N.W.2d 508)

942

July 28, 1952.

Charles M. Gasser, of Sioux City, for appellants.

Robert B. Pike, of Sioux City, for appellees.

GARFIELD, J.—At the general election in November 1948 electors in Woodbury County by a vote of 3775 to 2056 favored the establishment of a county library district under what is now chapter 358B, Code, 1950. The town of Correctionville is included within the established district. The county board of supervisors appointed a board of library trustees pursuant to Code section 358B.4. It is not contended the county library district was not legally established.

On July 6, 1949, the board of library trustees, as directed by 358B.13, transmitted to the board of supervisors an estimate of the amount it deemed necessary for maintenance of the county

library for the year 1950. A like estimate for the year 1951 was transmitted to the board of supervisors July 7, 1950. The library board failed to transmit such an estimate to the town council of Correctionville and the council made no millage levy for maintenance of the county library as section 358B.13 contemplates. Such a levy was, however, made by the board of supervisors for 1950 and the county treasurer intends to collect the tax. Included therein was a levy of two mills against property in Correctionville.

April 13, 1950, a free public library was established in Correctionville under Code chapter 378 and commenced operation July 1 of that year. As authorized by Code section 404.5(19) the council levied a tax of 2.462 mills for maintenance of the town library which was certified to the county auditor as provided by section 404.21.

Plaintiff, a resident taxpayer in Correctionville, for himself and others similarly situated, brought this action in equity against the county board of supervisors, auditor and treasurer to annul the tax for 1950 against property in Correctionville for maintenance of the county library. Plaintiff contends the tax is void upon three grounds:

1) The county library board did not transmit to the town council an estimate of the amount it deemed necessary for maintenance of the library as directed by Code section 358B.13.

2) The town council made no millage levy for maintenance of the county library as required by 358B.13.

3) Establishment of the free public library in Correctionville under Code chapter 378 constitutes a withdrawal of the town from the county library district.

Following trial, at which the facts stated above were shown by admissions in pleadings, stipulation or evidence, plaintiff's petition was dismissed and he has appealed.

I. We first consider the contention last stated. We find it is without merit. Code chapter 358B, enacted in 1947 as chapter 193, Acts of the Fifty-second General Assembly, provides for the establishment of free public libraries in county library districts upon a majority vote of the electors voting on the proposition who reside outside of cities and towns maintaining a free

public library as provided by Code section 378.1. Code section 358B.2 goes on to state: "The result of the election within cities and towns maintaining a free public library under the above-mentioned provision shall be considered separately, and no such city or town shall be included within the county library district unless a majority of its electors, voting on the proposition, favor its inclusion."

When this county library was established Correctionville had no free public library—it was established later. It is not questioned that Correctionville was included within the county library district at the outset. Nothing has happened that constitutes a withdrawal of the town from that district unless the establishment of the town library has that effect. We find no statute which so provides. If formation of a town library is to constitute a withdrawal of the town from an existing county library district the legislature must so provide. Until it does there is no basis for such holding. Plaintiff's remedy at this point rests with the legislature, not the courts. See Kistner v. Board of Assessment, 225 Iowa 404, 414, 280 N.W. 587; In re Estate of Hagan, 232 Iowa 525, 529, 5 N.W.2d 856, 859; 50 Am. Jur., Statutes, section 234; 59 C. J., Statutes, section 576.

■ II. We consider now grounds 1 and 2 of plaintiff's action. Code section 358B.13 provides: "The maintenance of a county library shall be on a proportionate population basis whereby each taxing unit as hereinafter defined shall bear its share in proportion to its population to the whole of said county library district. The board of library trustees shall on or before July 10 of each year make an estimate of the amount it deems necessary for the maintenance of the county library *and shall transmit said estimate* in dollars to the board or boards of supervisors and *to the city and town councils within the district. The entire rural area of each county in the library district shall be considered as a separate taxing unit. Each city and town which is a part of the county library district shall be considered as a separate taxing unit.* The board of supervisors *and the council of each city and town* composing said county library district *shall make the necessary millage levies accordingly* for library maintenance purposes of not to exceed two mills."

It appears without dispute there was no compliance in two respects with the part of 358B.13 we have italicized: 1) The county library board did not transmit to the Correctionville town council its estimate of the amount it deemed necessary for maintenance, and 2) the town council made no levy for county library maintenance.

We may assume, as defendants argue, without so deciding, failure to transmit the estimate to the council is a mere irregularity which does not render the tax illegal and void. We observe, however, that 61 C. J., Taxation, section 688, states: "Where it is required by constitutional or statutory provision that certain authorities * * * make and file, with specified officers, a certificate, budget or estimate of the rate or amount of taxes which they require to be raised, as a condition precedent to the levy thereof, it is essential, before the tax can be lawfully levied, that there shall be a compliance with such requirement in every substantial particular * * *."

Be that as it may, the council's failure to levy the tax is a more serious complaint. We are compelled to hold the tax levied by defendant Board for 1950 against property in Correctionville is illegal and void and plaintiff is entitled to enjoin its enforcement.

It is plain boards of supervisors may exercise only such power of taxation for county library maintenance as section 358B.13 confers upon them. This statute makes it clear the rural area in this library district and the town of Correctionville are separate taxing units, the tax to be levied by defendant Board is only against the rural area and the levy against property in Correctionville is to be made by the council of that town. What was done here is that the governing body (board of supervisors) of one taxing unit (rural area in the district) attempted to levy a tax against another taxing unit (Correctionville) without any action from its governing body (town council).

Property in Correctionville is not subject to taxation under section 358B.13 by defendant Board. That body is without statutory power to levy a tax against property in Correctionville for county library maintenance, just as the town council is without power to levy a tax against the rural area in the district.

946

■ The "levy" of a tax is the legislative Act which determines that a tax shall be laid. "It is the first essential to a valid tax * * *." 51 Am. Jur., Taxation, section 647. "A levy by the proper legislative authorities is the first step in taxation, and no taxes can be assessed or collected unless and until a legal levy is ordered by such authorities * * *." 61 C. J., Taxation, section 673, page 552. "A tax must be levied * * * by the legislative power to which it is referable * * *." Id., section 675. "A local tax is not valid unless it is duly levied by the proper local authorities * * *." Id., section 682.

We have uniformly held a valid levy is a very essential jurisdictional step in the imposition of a tax. We have likened it to a judgment in rem. The levy is of such importance that parol proof thereof is not admissible. See in this connection Bennett v. Finkbine Lbr. Co., 199 Iowa 1085, 1088, 1089, 198 N.W. 1; Smithberg v. Archer, 108 Iowa 215, 78 N.W. 847; Hintrager v. Kiene, 62 Iowa 605, 15 N.W. 568; Ellis v. Peck, 45 Iowa 112, 114, 115; Early v. Whittingham, 43 Iowa 162, 167; Moore v. Cooke, 40 Iowa 290; McCready v. Sexton & Son, 29 Iowa 356, 389, 4 Am. Rep. 214.

Scott v. Union County, 63 Iowa 583, 588, 19 N.W. 667, 669, holds a tax levied by a board of supervisors was void and its collection should be enjoined because it was not levied at a regular meeting or special session convened in the manner provided by law. "They had no power at that time to make the levy, and their action is void." Here defendant Board had no power at any time to levy this tax against the town of Correctionville and its action in so doing is void.

■ We have repeatedly held that where a tax is illegal and void, as we think this one is, and not merely irregular, equity will enjoin its enforcement. See Kaus v. Unemployment Compensation Comm., 230 Iowa 860, 863, 299 N.W. 415, 417; Griswold Land & Credit Co. v. County of Calhoun, 198 Iowa 1240, 1243, 201 N.W. 11; Woodbine Sav. Bk. v. Tyler, 181 Iowa 1389, 1393, 162 N.W. 590; Citizens Nat. Bk. v. Murrow, Iowa, 133 N.W. 769; Layman v. The Iowa Telephone Co., 123 Iowa 591, 599, 99 N.W. 205; Fort Dodge Elec. L. & P. Co. v. City of Fort Dodge, 115 Iowa 568, 573, 89 N.W. 7; Montis v. McQuiston, 107 Iowa

651, 78 N.W. 704; Barber v. Farr, 54 Iowa 57, 6 N.W. 134; Brandirff v. Harrison County, 50 Iowa 164, 169.

Like decisions include Getchell v. Supervisors of Polk County, 51 Iowa 107, 50 N.W. 574, where the board of supervisors took action in a tax matter that should have been taken, if at all, by the Des Moines city council; Isbell v. Crawford County, 40 Iowa 102, where amounts levied by a township were not reported to the board of·supervisors or county auditor; Rood v. The Board of Supervisors, 39 Iowa 444, where the board acted without statutory authority; Bailey v. Fisher, 38 Iowa 229, 231, where a de facto assessor of a town assessed farm land in the township in which the town was situated—"* * * the simple case of one officer performing an act which the law requires of another * * *." The Getchell, Rood and Bailey cases, supra, are cited with apparent approval in Read v. Hamilton County, 231 Iowa 1255, 1260–1262, 3 N.W.2d 597, 599–601.

The case at bar bears some analogy to those in which enforcement of a tax upon property exempt from taxation has been enjoined. See Smith & Funk v. Osburn, 53 Iowa 474, 5 N.W. 681; annotation 84 A. L. R. 1315; 61 C. J., Taxation, section 1127, page 893.

A somewhat different approach to the present case leads to the same conclusion. Many actions have been brought under what is now Code section 445.60 to compel the refund of taxes "erroneously or illegally exacted or paid." Our decisions make it plain the quoted words refer to taxes that are illegal and void, not merely irregular, so their enforcement could ordinarily be enjoined if they were unpaid. See Cedar Rapids Hotel Co. v. Stirm, 222 Iowa 206, 268 N.W. 562, and cases cited, especially Dickey v. County of Polk, 58 Iowa 287, 12 N.W. 290.

Griswold Land & Credit Co. v. County of Calhoun, supra, 198 Iowa 1240, 1245, 201 N.W. 11, lays down the rule a tax is erroneous or illegal so a refund may be enforced when it is levied 1) without statutory authority or 2) upon property not subject to taxation or 3) by some officer or officers having no authority to levy the same or 4) in some other similar illegal respect. The rule of the Griswold case has been followed in later decisions. See Cedar Rapids Hotel Co. v. Stirm, supra, 222 Iowa

948

206, 268 N.W. 562; Jewett Realty Co. v. Board of Supervisors, 239 Iowa 988, 993, 33 N.W.2d 377, 380; Rich Mfg. Co. v. Petty, 241 Iowa 840, 847, 42 N.W.2d 80, 84.

The illegality which appears here in the failure of the town council to levy the tax in question falls within the third, or in any event the fourth, classification announced in the Griswold case.

Defendant's argument in resistance to the second ground of plaintiff's action asserts that Code section 358B.13 "anomalously designates the cities within the library district to be levying bodies and contrary to statute and practice imposes the duty on cities of making the millage levies. There is no provision in the law for any city or town to make any millage levy under any circumstance."

There is no merit in this argument. It is true, as we have said, section 358B.13 designates the council of each city and town in a county library district as the body to make the millage levy against property within such municipality for library maintenance purposes. But there is nothing anomalous about this provision. Code section 404.5, in effect when this action was tried in 1950, conferred upon cities and towns power to levy taxes for many different purposes, including in subsection 19 maintenance of a city or town library. It is admitted both in defendant's answer and the stipulation of facts that the town council of Correctionville levied taxes for 1950 under section 404.5, subsection 19, for maintenance of its town library.

Chapter 159, Acts of the Fifty-fourth General Assembly, construed in Alexander v. Town of Montezuma, 243 Iowa 251, 51 N.W.2d 456, contains several provisions authorizing cities and towns to levy taxes for various funds therein specified.

Further, if it were true, as defendants in effect assert, that the legislature never before delegated to cities and towns the power to levy taxes, we know of no reason—and none is suggested—why section 358B.13 could not legally contain such a delegation of power. Councils of municipalities are the proper legislative bodies to exercise the power of taxation delegated to cities and towns by the legislature. See State ex rel. Howe v. Mayor, etc. of City of Des Moines, 103 Iowa 76, 82, 88, 72 N.W.

639, 39 L. R. A. 285, 64 Am. St. Rep. 157; 64 C. J. S., Municipal Corporations, section 1978; 38 Am. Jur., Municipal Corporations, sections 382, 383.

For a decree in harmony with this opinion the cause is— Reversed and remanded.

BLISS, WENNERSTRUM, SMITH, MANTZ, HAYS, and THOMPSON, JJ., concur.